In the Matter of CHRIS G. ALEVRAS, Appellant, v CHAIRMAN OF THE NEW YORK BOARD OF PAROLE et al., Respondents. —Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered September 5, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a parole revocation warrant.

On October 29, 1984, petitioner, who earlier had been paroled from New York to the supervision of New Jersey authorities pursuant to the Uniform Act for Out-of-State Parolee Supervision (the Compact) (Executive Law § 259-m), was sentenced to 2½ to 5 years in prison as a result of a felony conviction in New Jersey. As a consequence of that conviction, the New York State Board of Parole (Board) served petitioner on December 3, 1984 with a notice of violation showing a tentative delinquency date of October 30, 1984 and a parole violation warrant dated November 14, 1984. Petitioner promptly requested preliminary and final parole revocation hearings; none were held. By order to show cause issued June 10, 1985 and made returnable June 28, 1985, petitioner attempted to initiate the instant CPLR article 78 proceeding to have the warrant and violation notice vacated and his unexpired parole supervision period run concurrently with his New Jersey sentence. The order to show cause directed petitioner to serve respondents by certified mail on or before June 18, 1985 with proof of service to be promptly filed.

An affidavit of service was never filed, nor did petitioner serve respondents by certified mail; instead, respondents were served by regular mail postmarked June 21, 1985. Replying to respondents' motion dated June 27, 1985 to dismiss for lack of

jurisdiction and, alternatively, for failure to state a cause of action, petitioner affirmed that he had prepared and addressed envelopes for service by certified mail, but unaccountably employees of the New Jersey Department of Corrections had sent them by regular mail. Special Term found the method of service effective, but dismissed the petition, construing Executive Law § 259-i (3) (a) (iv) as not entitling petitioner to a hearing until after his return to New York. On reargument, the court concluded that said provision of the Executive Law was inapplicable to petitioner's circumstance, that of a parolee being supervised under the Compact, but that Executive Law § 259-o (4) was controlling and it dictated dismissal of the petition.

The absence of an affidavit of service or a timely explanation of the reason for that absence renders service of process here invalid. Relaxation of the rules respecting service of process to enable prison inmates to obtain jurisdiction is not inappropriate where imprisonment presents obstacles to service which are beyond the inmate's control. However, when those rules have been eased, jurisdiction is not acquired unless those service requirements capable of being met have been satisfied. One of the terms of service, that petitioner promptly file an affidavit of service, was not complied with and, as there is no suggestion that petitioner was unable to meet this condition, dismissal of the petition for lack of jurisdiction should have been granted (see, Ayton v Bean, 60 NY2d 768).

Were we to reach the merits, we would affirm. Executive Law § 259-o (4) expressly mandates that a final hearing need only be held "within ninety days from [the alleged parole violator's] return to this state". That provision became effective November 1, 1984, and there is no showing that petitioner was formally declared delinquent by the Board prior thereto. The date of that declaration determines his due process rights, regardless of the date of his conviction or the fact that the delinquency may be declared retroactive (see, People ex rel. Calloway v Skinner, 33 NY2d 23, 33). The assertion that in this instance application of Executive Law § 259-o (4) amounts to an illegal ex post facto law is, therefore, groundless. Moreover, with respect to a preliminary hearing, Executive Law § 259-i (3) (c) (i) accords no such right where, as here, the warrant is predicated on the parolee's conviction of a new crime.

Judgment modified, on the law, without costs, by deleting the last nine words in the decretal paragraph contained

therein, and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.