■ In the Matter of ALBERT ROSS, Appellant, v CHAIRMAN OF NEW YORK STATE BOARD OF PAROLE et al., Respondents.— Main, J. P. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered December 9, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* vacate a parole violation warrant and restore petitioner to parole supervision.

Petitioner, who had been paroled from New York State to the supervision of parole authorities in New Jersey pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m), was sentenced on October 18, 1984 to a prison term in New Jersey as a result of a felony conviction there. On November 20, 1984, the New York State Board of Parole issued a parole violation warrant against petitioner. No preliminary parole revocation hearing was thereafter conducted since an amendment to Executive Law § 259-i (3) (c) (i), effective November 1, 1984, removed the requirement of affording an alleged parole violator a preliminary hearing where the violator has been convicted of a new crime while on parole (L 1984, ch 413, § 1; *see,* L 1984, ch 435, § 1). Petitioner then commenced this CPLR article 78 proceeding seeking a vacatur of the parole violation warrant and restoration to parole supervision on the ground that he had not been given a preliminary or final revocation hearing on the alleged parole violation. Citing the 1984 amendments to the Executive Law, Special Term dismissed the petition, and this appeal ensued.

We affirm. Petitioner has failed to show that his due process rights have been violated since, as a matter of constitutional law, he was not entitled to either a preliminary or final revocation hearing in this State while he was serving an unrelated sentence in New Jersey *(see, Moody v Daggett,* 429 US 78, 86-87; *see also, People ex rel. Schouenborg v Flood,* 94 AD2d 751, 752). Petitioner's only claim of entitlement to any such hearing at this juncture would have been one statutorily granted under the pertinent Executive Law provisions as they existed prior to their amendment in 1984 *(see,* L 1984, chs 413, 435; *see also, People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 13). By virtue of those amendments, however, such entitlement no longer exists.

With regard to petitioner's contention that the 1984 amendments cannot withstand an ex post facto analysis, we note only that the critical date in such an analysis is the date on which the revocation process was engaged (see, People ex rel. Calloway v Skinner, 33 NY2d 23, 33; Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020). Here, the revocation process was not formally commenced until after the effective date of the amendments to the Executive Law. Thus, petitioner's ex post facto argument must be rejected.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.