■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN KING, Appellant, v J. E. SULLIVAN, as Superintendent, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered July 3, 1985, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the writ is sustained and the petitioner is restored to parole supervision under the conditions heretofore in effect.

On November 24, 1982, the petitioner was released on parole by New York State and supervision of his parole was transferred to New Jersey. On April 10, 1984, he was convicted of theft by deception and sentenced to six months' imprisonment in New Jersey. On May 14, 1984, a parole violation warrant was issued by New York against the petitioner. On August 3, 1984, the New York parole violation warrant was sent to New Jersey to be lodged as a detainer against the petitioner. On August 22, 1984, the petitioner was given a preliminary parole violation hearing in New Jersey at the request of New York authorities, and probable cause was found that parole had been violated.

On December 24, 1984, the petitioner was returned to New York. A final parole revocation hearing was held on March 14, 1985, after which the petitioner's parole status was terminated.

In a petition for a writ of habeas corpus, the petitioner claimed that he had not been afforded a timely final hearing. The Supreme Court, Westchester County, dismissed the petition, relying on Executive Law § 259-o (4), finding that the petitioner received a timely final hearing because it was held within 90 days of the petitioner's return to New York.

Executive Law § 259-o (4) does provide that "Whenever a preliminary violation hearing is conducted in another state pursuant to this section, the alleged violator must be afforded a final hearing within ninety days from the date of his return to this state". The petitioner did receive his final hearing within 90 days of his return to New York. However, Executive Law § 259-o (4) did not become effective until November 1, 1984.

Since the petitioner was declared delinquent before the effective date of the statute, Executive Law § 259-o (4) does not control (see, Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020, 1021). Instead, the respondent had the burden of proving that the final hearing could not be held within 90 days of the preliminary hearing because the petitioner was not "subject to the convenience and practical control of the Parole Board" (see, People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 14). The respondent failed to sustain this burden. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.