■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORCOTT CORBY, Appellant, v JAMES SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, Norcott Corby appeals from (1) a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 7, 1987, which dismissed the writ and (2) an order of the same court entered May 29, 1987, which denied his motion to renew.

Ordered that the judgment and the order are affirmed, without costs or disbursements.

The appellant was convicted of manslaughter in the first degree and sentenced to a maximum of 25 years in prison. On April 23, 1984, he was paroled. He was later placed under the supervision of the Florida Department of Corrections pursuant to the terms of the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m). It is undisputed that, within five months of his release on parole, the appellant violated the conditions of his parole when, on September 17, 1984, in the State of New Jersey, he possessed a large quantity of cocaine. He was subsequently convicted of various criminal charges arising out of that incident, and on May 16, 1985, he was sentenced in New Jersey to 364 days in the Salem County Jail, 2 to 5 years' probation, and a $5,000 fine.

The appellant subsequently returned to Florida where he continued his pattern of criminal behavior. On August 12, 1986, he threw a rock through a window and, within two weeks, pleaded guilty to the misdemeanor of malicious mischief. Although he was sentenced to time served for this crime, the appellant remained incarcerated in the Dade County Jail pursuant to a parole violation warrant which had

been issued in New York, based in part on his New Jersey criminal conviction. The appellant claims that he waived extradition to New York on November 12, 1986. However, no copy of a written waiver of extradition was annexed to the petition. This alleged waiver occurred after a Governor's warrant had been issued by the State of New York on November 4, 1986. The appellant was returned to New York on November 21, 1986. He was given a final revocation hearing within 90 days thereafter, on February 18, 1987. After a hearing, his parole was revoked.

The appellant then commenced this habeas corpus proceeding, alleging that he was not a "compact parolee" and that, therefore, a final revocation hearing had to have been conducted within 90 days of his alleged waiver of extradition in accordance with Executive Law § 259-i (3) (a) (iv). The Supreme Court, finding that the appellant was a compact parolee, and relying on Executive Law § 259-o (4), held that the hearing had been timely, and dismissed the petition. The court also denied a subsequent motion to renew in which appellant claimed, *inter alia,* that Executive Law § 259-o (4) is unconstitutional as applied. We now affirm.

On appeal, the appellant has abandoned the argument that he was not a compact parolee. Ordinarily, compact parolees are entitled to a hearing within 90 days of their return to New York pursuant to Executive Law § 259-o (4). However, the appellant argues that the statute is inapplicable since, by its own terms, it is limited only to compact parolees who were afforded a preliminary hearing with respect to their alleged parole violations. No preliminary hearing was granted to the appellant because no such hearing was required in his case *(see,* Executive Law § 259-i [3] [c] [i] [no preliminary hearing required where parole violation is based on new criminal conviction]; *see also, Matter of Ross v Chairman of N. Y. State Bd. of Parole,* 119 AD2d 961).

In arguing that the 90-day limitation set forth in Executive Law § 259-o (4) does not apply to him because no preliminary hearing was conducted in his case, the appellant apparently assumes that the 90-day limitation set forth in Executive Law § 259-i (3) (f) (i) would therefore be the applicable provision. However, the 90-day limitation set forth in that section runs from the date of the probable cause determination and, as noted above, no such determination was made, nor was such a determination necessary in this case.

Considering the relevant provisions of the Executive Law in their entirety, and also considering the relevant legislative

history, we conclude that the Supreme Court correctly held that the 90-day limitation set forth in Executive Law § 259-o (4) is applicable to the appellant's case. Subdivision (4) was added to Executive Law § 259-o in 1984 *(see,* L 1984, ch 435, § 2 [eff Nov. 1, 1984]), and we find that the intent of this amendment was to provide that *all* New York parole violators who had been released to other States pursuant to Executive Law § 259-m, and who were later incarcerated in such States, would not be entitled to final parole revocation hearings until within 90 days after their return to New York *(see,* mem of Executive Dept, Div of Probation, to Counsel to the Governor, July 12, 1984; *see also,* mem of State Executive Dept, Div of Parole, 1984 McKinney's Session Laws of NY, at 3294-3295). It does not appear that the subsequent amendment to this statute (L 1985, ch 211, § 1 [eff June 18, 1985] [substituting the phrase "(w)henever a preliminary violation hearing is conducted in another state pursuant to this section" for "(t)he"]) was intended to alter its scope; rather, the intent was to clarify that the 90-day period should run from when the compact parole violator is returned to New York, rather than from the date of any preliminary hearing *(see,* mem of State Div of Parole, 1985 McKinney's Session Laws of NY, at 2996-2997). We also note that the Third Department, in dicta, has indicated its view that Executive Law § 259-o (4) applies to compact parole violators who are returned to New York, even where no preliminary hearing was necessary *(see, Matter of Alevras v Chairman of N. Y. Bd. of Parole,* 118 AD2d 1020, 1021).

We have examined the appellant's remaining arguments and find them to be without merit. Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.