■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD BROWN, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.—Motion by the respondent for reargument of an appeal from a judgment of the Supreme Court, Westchester County, entered May 27, 1986, which was decided by decision and order of this court dated October 19, 1987.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this court, dated October 19, 1987, is recalled and vacated, and the following decision and order is substituted therefor:

In a habeas corpus proceeding, the appeal is from a judg-

ment of the Supreme Court, Westchester County (Coppola, J.), entered May 27, 1986, which sustained a writ of habeas corpus and restored the petitioner to parole status.

Ordered that the judgment is affirmed, without costs or disbursements.

On May 24, 1983, the petitioner was sentenced to a term of imprisonment of 1½ to 4½ years upon conviction of the crime of burglary in the second degree. On July 11, 1984, he was released on parole with a maximum expiration date of July 11, 1987. The petitioner was arrested in Connecticut on July 27, 1984, on burglary charges, and, thereafter, on September 27, 1984, a parole violation warrant was lodged against him with the Connecticut authorities. Accompanying the warrant was a form letter advising the Connecticut authorities, *inter alia,* of the Division of Parole's obligation to provide the petitioner with prompt preliminary and final revocation hearings and requesting that he be made available for return to New York for those hearings. Apparently, the Division of Parole received no response to that letter. On November 2, 1984, the petitioner was sentenced to concurrent terms of imprisonment of one year upon his conviction in Connecticut, upon his plea of guilty, of two counts involving burglary.

After waiving extradition, the petitioner was returned to New York on October 30, 1985. On that same day, he waived his preliminary revocation hearing and was served with a notice of violation. On December 5, 1985, the petitioner was afforded a final revocation hearing and, following the hearing, his parole was revoked.

In March 1986 the petitioner commenced this habeas corpus proceeding seeking a vacatur of the parole violation warrant and restoration to parole supervision on the ground that he had been denied his right to a timely final parole revocation hearing on the alleged parole violation.

The Supreme Court, Westchester County, found that the final revocation hearing had not been timely and it sustained the writ of habeas corpus. The court held that the appellants failed to sustain their burden of showing that the petitioner was beyond their convenience and control during his incarceration in Connecticut, thereby excusing their failure to afford him a timely final revocation hearing until his return to New York. As a result of the court's ruling, the petitioner was paroled on June 6, 1986. He was continued on parole supervision until the maximum expiration date of his sentence on July 11, 1987.

Initially, we note that although this appeal is technically academic because the petitioner has reached the maximum expiration date of his sentence while the appeal was pending, we retain jurisdiction because the issue raised is likely to recur, is substantial and novel, and will typically evade review *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715). We treat the instant proceeding as one seeking declaratory relief as to the applicability of the 1984 amendments to the Executive Law to the facts of the case before us *(see, Matter of McCormick v Axelrod,* 59 NY2d 568, 571; *People ex rel. Neufeld v McMickens,* 117 AD2d 243, *revd on other grounds* 70 NY2d 763).

The trial court's determination was premised primarily upon the Court of Appeals decision in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9). Generally, an alleged parole violator is entitled to a final parole revocation hearing within 90 days of a determination of probable cause made at a preliminary hearing (Executive Law § 259-i [3] [f] [i]). Prior to the 1984 amendments to the Executive Law, strict compliance with the time limits set forth in the Executive Law was required unless the parole authorities could demonstrate that the accused parole violator was beyond the convenience and control of the New York parole authorities *(see, e.g., People ex rel. Walsh v Vincent,* 40 NY2d 1049; *People ex rel. Wilson v Rodriguez,* 112 AD2d 961, 962; *People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053, *affd* 59 NY2d 809). The *Gonzales* case established that the mere showing of imprisonment in a sister State facility did not meet the burden of demonstrating that the alleged parole violator was beyond the parole authorities' convenience and practical control *(see, People ex rel. Gonzales v Dalsheim, supra,* at 14-15; *People ex rel. Delgado v Walters,* 91 AD2d 1053).

In 1984 the Executive Law was amended to counteract the effect of the *Gonzales* decision *(supra)* and to bring New York law into congruence with the broader Federal due process requirements *(see,* L 1984, ch 413, § 1; mem of State Exec Dept, Div of Parole to ch 435, 1984 McKinney's Session Laws of NY, at 3294-3295). The amendments to Executive Law § 259-i (3) (a) (iv) and § 259-o (4), which became effective November 1, 1984, created a toll of the 90-day limit within which a final parole revocation hearing must be held until such time as the alleged parole violator was returned to New York for a hearing *(see also, Moody v Daggett,* 429 US 78).

Citing the 1984 amendments to the Executive Law, the appellants claim that the petitioner was not entitled to a final

revocation hearing while he was incarcerated in Connecticut on an unrelated charge. The petitioner replies that application of the 1984 amendments to him amounts to an illegal ex post facto law.

We conclude that the statutory framework of the Executive Law subsequent to the 1984 amendments does not control this matter because the petitioner was declared delinquent before the effective date of those amendments, i.e., prior to November 1, 1984 (see, People ex rel. King v Sullivan, 130 AD2d 610; Matter of Ross v Chairman of N. Y. State Bd. of Parole, 119 AD2d 961; Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020, appeal dismissed 68 NY2d 753). Therefore, the parole authorities had the burden of proving that the final hearing could not be timely held because the petitioner was beyond their convenience and practical control (see, People ex rel. Walsh v Vincent, supra). The appellants failed to sustain their burden. They did nothing more than lodge the parole warrant against the petitioner in Connecticut and made no effort, other than forwarding the form letter, to contact Connecticut authorities to arrange a hearing. Those efforts were not sufficient to show that the petitioner was beyond the convenience and practical control of the appellants (see, People ex rel. Delgado v Walters, supra). Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.