OPINION OF THE COURT
Robert S. Rose, J.
In this CPLR article 78 proceeding, petitioner seeks review and annulment of a determination by respondents to assess a civil penalty in the amount of $1,500 against him for alleged misconduct in his dental practice. Respondents’ determination was served on petitioner on June 23, 1987, and petitioner subsequently obtained an order to show cause signed by Hon. Frederick B. Bryant on August 24, 1987 to commence an article 78 proceeding. It is undisputed that at the time the order to show cause was signed, petitioner had not filed a request for judicial intervention (RJI) and no Judge had been *621 assigned to handle this proceeding as required by the Uniform Rules for Trial Courts (22 NYCRR 202.6). The order was served upon respondents on or before August 27, 1987, but the original order, the supporting papers, and the affidavits of service were not filed with the court. Prior to the return date stated in the order to show cause, the attorney for the respondents requested and received petitioner’s consent to an adjournment. Apparently, Justice Bryant adjourned the proceeding without date.
By letters in October of 1987 and April of 1988, respondents’ attorney asked petitioner’s attorney to indicate when the matter would be returnable. Despite these communications, it was not until May 18, 1988 that petitioner’s attorney filed an RJI with the court and a Judge was assigned to the case. The order to show cause was redated and reissued by this court on May 25, 1988.
Respondents now move for an order dismissing the petition on the grounds that this proceeding was only commenced by service of the reissued order to show cause on June 10, 1988, and that it is barred by the four-month Statute of Limitations imposed by CPLR 217. Respondents argue that petitioner’s failure to file an RJI, the original order to show cause, and the affidavits of service rendered service of the original order to show cause ineffective to commence an article 78 proceeding. Petitioner argues that service of the original order to show cause effectively commenced the proceeding within the limitations period and that any failure to file papers with the court was an excusable irregularity. In his opposing affirmation, petitioner’s attorney asserts that in 1987 he was without a secretary from August 14 through September 16, that the original order to show cause was misplaced during September, and that a criminal trial occupied his time during October. Petitioner’s attorney offers no reason for his failure to file the required papers after October.
Although it has been held that a failure to file an RJI is a ministerial rather than a jurisdictional defect (Matter of City of Albany v Department of Assessment, 139 Misc 2d 401), it is significant here that no Judge was assigned prior to the issuance of the order to show cause, that petitioner filed no papers with the court, and that petitioner’s attorney has no excuse for his failure to file the papers and to obtain an assignment of a Judge until May 18, 1988, more than six months after the original return date. Although the Uniform Rules authorize the court to waive compliance with the rules, *622 the random assignment of a case to a Judge cannot be waived and other irregularities can be waived only for good cause shown (22 NYCRR 202.1 [b]). Assignment of an action or proceeding to a Judge is a necessary and critical prerequisite to judicial action particularly where, as here, a party chooses to commence the proceeding by an order to show cause. Since both the Uniform Rules (22 NYCRR 202.8 [b]) and the Uniform Civil Procedural Rules of the Sixth Judicial District, eifective July 6, 1987, required filing of the papers including affidavits of service prior to the return date, the present case is analogous to the situation where the court has explicitly ordered filing of the proof of service by a certain date and the moving party fails to comply with that direction. In such circumstances, the failure to file the affidavits of service and the lack of a timely explanation for that failure renders service of process invalid (see, Matter of Alevras v Chairman of N. Y. Bd. of Parole, 118 AD2d 1020, 1021, appeal dismissed 68 NY2d 753).
Although the court is reluctant to impose the consequences of an attorney’s omission upon his client, the steps ignored here are essential to the Individual Assignment System. Excusing their omission where no reason is given for either the original submission to a Judge prior to an assignment or the continuing failure to file papers would encourage Judge-shopping and condone attempts to bypass or ignore the Individual Assignment System (see, Matter of Morfesis v Wilk, 138 AD2d 244, 250 [Sullivan, J. P., and Ross, J., dissenting]).
Thus, the court finds that service of the original order to show cause was invalidated by the unexplained failure to file the affidavits of service and other papers with the court for more than six months, and that the proceeding more recently commenced by service of the reissued order to show cause is time barred. Accordingly, respondents’ motion is granted and the petition is dismissed. No costs are awarded.