■ In the Matter of the W. CHILDREN. STACEY W., Respondent; WILLIAM J. GRINKER, Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the Commissioner of the New York City Department of Social Services appeals from so much of an order of the Family Court, Kings County (Pearce, J.), dated February 6, 1989, as, after a hearing, placed the subject children in his custody and further directed that he place the children with their maternal grandmother although the respondent mother resides in the same residence.

Ordered that the order is modified by adding thereto a provision declaring that Family Court Act § 1017 is applicable to this case; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Initially, we note that although this appeal is technically academic because the period of placement of the children with the Commissioner of the New York City Department of Social Services expired while the appeal was pending, we retain jurisdiction because the issue raised is likely to recur, is substantial and novel, and will typically evade review *(see, People ex rel. Brown v New York State Bd. of Parole,* 139 AD2d 548, 550; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715). We further note that after the order of the Family Court was made the Legislature enacted Family Court Act § 1017, and thus, we will treat the instant proceeding as one seeking declaratory relief as to the applicability of that statute to the facts of the case before us *(see, People ex rel. Brown v New York State Bd. of Parole, supra; Matter of McCormick v Axelrod,* 59 NY2d 568, 571).

Turning to the merits, Family Court Act § 1017 (2) (a) (i) and (ii) provide that where a court deems that a child should reside with a relative the court may either place the child with that relative and order any further investigation it deems necessary, or the court may place the child with the Commissioner of Social Services and direct the Commissioner to place the child with a relative and further direct the Commissioner to conduct an investigation of the home and approve the relative as a foster parent, if qualified. In the event the home is disapproved, the Commissioner must report that finding to the court which, presumably, would result in an alternative disposition.

Other than the child's best interests, the statute does not

place any restrictions on a court when determining whether a child is to be placed with a relative. Thus, when it is appropriate for a child to reside with a parent, even after a finding of neglect, whether or not that parent resides in the same residence as the potential custodial relative is irrelevant to the issue of whether or not the court has the authority to order the Commissioner to place the child in the relatives' home.

In the case at bar, all of the parties agree, including the Commissioner, that the best interests of the children necessitate that they reside with the grandmother and that the mother remain in the residence because she helps care for the children and has a seemingly close relationship with them. Thus, the Commissioner has appealed the Family Court's order only because it presents a problem for him with respect to foster care funding and Federal reimbursement. We note, however, that the Department of Social Services' own regulations do not prevent a relative's home from being approved as a foster home (see, 18 NYCRR 444.8) and, even if they could be construed as doing so, the Commissioner's primary and paramount obligation is to protect and care for his wards and this responsibility transcends his obligation to ensure increased foster care reimbursement.

Inasmuch as Family Court Act § 1017 was enacted, in part, to create a statutory emphasis upon the maintenance of family stability (see, mem of Assemblyman Albert Vann, 1989 NY Legis Ann, at 323) and the statute is clear on its face, we hold that the Family Court has the power to direct the Commissioner to place a child with a relative even if a previously neglectful parent resides at the same residence.

However, we are not unmindful of the Commissioner's dilemma and caution that in an appropriate situation a Family Court may, as a matter of discretion, place a child directly with a relative (see, Family Ct Act § 1017 [2] [a] [i]) thereby conserving State resources and alleviating any funding problems. Thompson, J. P., Lawrence, Eiber and Ritter, JJ., concur.