■ In the Matter of HARRIET U., Respondent, v SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. JOHN FERRARA, as Law Guardian, Appellant. (And Two Other Related Proceedings.) [638 NYS2d 518] —Casey, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered September 8, 1995, which, *inter alia*, in three proceedings pursuant to Family Court Act articles 6 and 10, awarded temporary custody of Lauren W. to petitioner.

Respondent Sullivan County Department of Social Services removed the infant Lauren W. from the hospital and from the custody of her biological parents, who are respondents herein, on the day after her birth in August 1995 without court order pursuant to Family Court Act § 1024, under a claim that the infant was an abused and neglected child. The Department subsequently commenced separate proceedings against the biological parents pursuant to Family Court Act article 10, alleging that the infant and her brother were abused and neglected children. The Department based its initial removal of the infant and its subsequent petitions on the fact that the brother had died in November 1993 at the age of five months of "shaken baby syndrome", and the Department believed that the mother and father were responsible for his death. As a result of the death of the brother, the father was charged with second degree manslaughter. When the petitions in this case were filed, the charges against the father had not been resolved. A few days later petitioner, the infant's maternal grandmother, commenced this proceeding pursuant to Family Court Act article 6 for custody of the infant.

In the context of the abuse and neglect proceedings, Family Court ordered that the infant be placed temporarily in the custody of the Department. After appointment of a Law Guardian and a hearing, Family Court found that the parents had failed to undergo counseling or parenting classes subsequent to the brother's death. Based upon the belief that the father had caused the death, Family Court concluded that the infant would be at risk of serious injury if returned to her parents. Believing that an order of protection would be inadequate in the circumstances, Family Court continued the custody of the infant in the Department.

By virtue of petitioner's application for custody, Family Court directed an investigation of her household. At the hearing on the issue of custody, the Law Guardian strenuously opposed an award of custody to petitioner, contending that petitioner would not act as a protective ally of the infant by restricting access by the father and mother because of

petitioner's close relationship with them. Petitioner testified as to her suitability as a custodian, and Family Court awarded petitioner temporary custody. Family Court directed the Department to provide intensive preventative services to petitioner's household, with access by the Department to petitioner's home at all times, and required the parents to enroll in parenting classes and mental health evaluations and counseling. Only limited supervised visitation with the infant was permitted to the father and mother. The Law Guardian has appealed.

The Law Guardian claims that petitioner is not a suitable relative under Family Court Act § 1017 (1) (a) for custody of the infant because petitioner is unwilling to accept the fact that the father caused the death of the infant's brother and presents a danger to the infant. The Law Guardian concludes that petitioner should not be trusted to supervise visitation by the father when there exists a close relationship between petitioner and the infant's parents. In our view, however, the evidence in the record is sufficient to support Family Court's conclusion that petitioner is a suitable relative to care for the infant, and Family Court did not abuse its discretion in awarding petitioner temporary custody. One purpose of Family Court Act § 1017 is to help safeguard the infant's physical, mental and emotional well-being (see, Family Ct Act § 1011). Placement with a suitable relative can help the child by maintaining family ties and reducing the trauma of removal.

In making a determination of placement, Family Court must consider not only the custodian's ability to provide adequate shelter, but all the facts and circumstances relevant to the child's best interest (see, Matter of W. Children, 167 AD2d 478, 478-479, lv denied 78 NY2d 854). Evidence in the record showed that petitioner was able to meet the infant's physical needs. Petitioner is in good health, knowledgeable about the responsibility of caring for an infant, having raised two children of her own, and inasmuch as petitioner was not employed, she would be the sole caretaker of her granddaughter. Petitioner's testimony indicated that she was a caring person and was capable of developing a nurturing relationship with the infant. Petitioner agreed to follow all orders of the court as to visitation by the father and mother and promised to cooperate with the Department and allow representatives of the Department to enter her household at any time. Finally, there were no negative factors, such as prior involvement in Family Court proceedings, that would militate against petitioner's custody of the infant. The issue essentially distilled to petitioner's cred-

ibility which Family Court credited, and we see no basis to disturb Family Court's findings (see, Matter of Gladys H., 206 AD2d 606, 607). Family Court's order awarding temporary custody to petitioner should be affirmed.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.