■ THE PEOPLE. OF THE STATE OF NEW YORK ex rel. MICHAEL MATTHEWS, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. (Appeal No. 1.) [706 NYS2d 810] —Judgment reversed on the law without costs, petition granted and petitioner restored to parole supervision. Memorandum: Petitioner was released to parole in January 1991 and was arrested in February 1992 on Federal charges of bank robbery. Petitioner was convicted of those charges and sentenced to Federal prison. The Court of Appeals for the Second Circuit affirmed the judgment, but vacated the sentence and remanded the matter for resentencing (see, United States v Matthews, 20 F3d 538). As a result, petitioner was held by the United States Marshals and the Federal Bureau of Prisons at seven New York county jails for 28 months until he was resentenced and sent back to Federal prison in Pennsylvania.

Before his release from Federal custody, petitioner commenced this proceeding seeking a writ of habeas corpus. Although the New York parole revocation hearing had not yet been held, petitioner argued that any hearing held at that point would be untimely (see, Executive Law § 259-i [3] [f] [i]). We agree.

Respondent does not contend that Executive Law § 259-i (3) (a) (iv) applies to this case, or that any of the exceptions listed under Executive Law § 259-i (3) (f) (i) applies to extend the 90-day time limit for holding revocation hearings. Rather, respondent contends, and Supreme Court agreed, that petitioner was not subject to respondent's convenience and practical control because respondent had no actual or constructive notice that petitioner was in New York during those 28 months (see, People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 14; People ex rel. Walsh v Vincent, 40 NY2d 1049, 1050). Whether respondent had actual or constructive notice of petitioner's presence in New York is not dispositive. Rather, respondent must show that petitioner was not subject to its convenience and practical control while in New York, a burden that it failed to meet (see, People ex rel. Walsh v Vincent, supra, at 1050; Matter of Garland v New York State Div. of Parole, 86 AD2d 848, 849; see generally, People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398). We therefore reverse the judgment, grant the petition, and restore petitioner to parole supervision.

All concur except Pigott, Jr., P. J., and Kehoe, J., who dissent and vote to affirm in the following Memorandum.

Pigott, Jr., P. J., and Kehoe, J. (dissenting). We respectfully dissent. In June 1993, when the parole violation warrant was issued, petitioner was in Federal prison in Pennsylvania.

Under those circumstances, "the warrant will not be deemed to be executed" and "[t]he alleged violator will not be considered to be within the convenience and practical control of the division of parole" (Executive Law § 259-i [3] [a] [iv]). The statute, which was intended to overrule *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) (*see, People ex rel. Johnson v New York State Div. of Parole,* 148 AD2d 401, 402), establishes a tolling period during which parole officials are under no obligation to prosecute the parole violation (*see, People ex rel. Brown v New York State Bd. of Parole,* 139 AD2d 548, 550; *see generally,* Executive Law § 259-i [3] [c], [d], [f]). The tolling period did not end when petitioner was returned to New York in the constructive custody of Federal officials in order to be resentenced on the Federal crime. The time limits for holding the preliminary and final parole hearings do not begin to run "until the alleged violator is detained exclusively on the basis of [the parole violation] warrant and the division of parole has received" the necessary notification regarding extradition of the alleged parole violator (Executive Law § 259-i [3] [a] [iv]; *see, People ex rel. Johnson v Warden,* 178 AD2d 331; *People ex rel. Johnson v New York State Div. of Parole, supra,* at 402). Moreover, "[t]he alleged violator will not be considered to be within the convenience and practical control of the division of parole until the warrant is deemed to be executed" (Executive Law § 259-i [3] [a] [iv]). Under the statute, the critical event is not when petitioner was returned to New York, but when he was sought to be returned to New York for a parole revocation hearing (*see, People ex rel. Brown v New York State Bd. of Parole, supra,* at 550-551; *cf., People ex rel. Corby v Sullivan,* 138 AD2d 432, 434, *lv dismissed in part and denied in part* 72 NY2d 838). To conclude otherwise disregards the statute and places parole authorities under an impossible burden because they had no means of monitoring petitioner's whereabouts while in Federal custody, no reason to anticipate that petitioner might be moved to New York, and no means of learning of that move within the first 15 days, when, according to the majority's view, a preliminary parole revocation hearing had to be afforded (*see,* Executive Law § 259-i [3] [c] [i], [iv]). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.