■ In the Matter of DOMINICK S., a Child Alleged to be Abused and/or Neglected. LANDAI B. et al., Respondents; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Appellant. ROSALYN P., Nonparty Respondent. [733 NYS2d 191] —Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about July 25, 2001, which paroled the subject child to the care and custody of his maternal grandmother pending the determination upon fact-finding in the underlying neglect and abuse case, unanimously reversed, on the law, without costs, and the child directed to remain with his great-grandmother pending said determination.

As the child was already in a kinship placement with his great-grandmother, the need for the hearing conducted by Family Court to determine whether the child's grandmother was a *more* suitable kinship resource is unclear. Family Court Act § 1017 (2) (a) (i) confers the authority to "conduct such other and further investigations as the court deems necessary" in determining the suitability of relatives of the child as custodians (*see, Matter of W. Children*, 167 AD2d 478, *lv denied* 78 NY2d 854). Where a determination has been made as to placement, however, the provision affords no basis upon which to re-open the matter and, absent some material change in circumstances warranting reassessment, the determination should remain law of the case (Family Ct Act § 1017 [3]).

The record adduced at the hearing demonstrates no pressing reason to disturb placement at this time. Moreover, questions have arisen concerning the suitability of the child's grandmother that should have been pursued in greater depth. Thus, we perceive no need to disturb Family Court's original decision that it would be in the best interests of the child to reside with his great-grandmother pending the determination upon fact-finding in the underlying neglect and abuse case (*see, Matter of Harriet U.*, 224 AD2d 910). Concur—Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.