■ In the Matter of PAIGE G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KATIE P., Respondent. [989 NYS2d 135]—

In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Suffolk County (Whelan, J.), dated July 11, 2013, which, after a permanency hearing, denied its petition to modify a prior order of the same court dated January 22, 2013, to place the child in the custody of the maternal grandmother.

Ordered that the order dated July 11, 2013, is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the petition is granted.

The subject child was removed from her mother's care pursuant to a neglect petition filed by the petitioner, Suffolk County Department of Social Services (hereinafter the DSS). The child was temporarily placed in the care of her maternal grandmother, who resided in Florida but was staying in New York at the time of placement. However, the grandmother had to return to Florida and, because she could not take the child with her, the child was placed in non-kinship foster care pursuant to a January 22, 2013, placement order. Nonetheless, the Family Court ordered a home study pursuant to the Interstate Compact on the Placement of Children (*see* Social Services Law § 374-a [hereinafter

ICPC]) on the grandmother's residence in Florida. The ICPC home study report was favorable for the grandmother. Consequently, the DSS filed a petition to modify the January 22, 2013, placement order to place the child with the grandmother. The grandmother expressed her desire to care for the child on a long-term basis, and the mother consented to this arrangement. However, the Family Court denied the DSS's petition, finding that it was in the best interests of the child that she remain with the foster parents for stability.

Family Court Act § 1017 sets out the steps to be followed in determining the appropriate placement of a child when the child is initially removed from his or her home. When the decision to remove the child was made, the DSS was obligated to locate the child's relatives, including her grandmother, and inform them of the pendency of the proceeding and of the opportunity for becoming foster parents or for seeking custody or care of the child (*see* Family Ct Act § 1017 [1]). The Family Court was then required to determine if the child could suitably reside with any such relative (*see* Family Ct Act § 1017 [1] [a], [b]). If a suitable relative existed, the Family Court would either place the child with that relative or with the local commissioner of social services with directions to allow the child to reside with that relative pending his or her approval as a foster parent (*see* Family Ct Act § 1017 [2] [a]). Only if no suitable relative could be located would the Family Court consider whether another placement would be appropriate (*see* Family Ct Act former § 1017 [2] [b]). With respect to an out-of-state relative, Social Services Law § 374-a requires that an ICPC home study must first be conducted before placing the child with that individual.

"One purpose of Family Court Act § 1017 is to help safeguard the infant's physical, mental and emotional well-being . . . Placement with a suitable relative can help the child by maintaining family ties and reducing the trauma of removal. . . . In making a determination of placement [the] Family Court must consider not only the custodian's ability to provide adequate shelter, but all the facts and circumstances relevant to the child's best interest" (*Matter of Harriet U. v Sullivan County Dept. of Social Servs.*, 224 AD2d 910, 911 [1996]).

Here, we find no basis in the record to deny the DSS's petition to modify the January 22, 2013, placement order. The grandmother was clearly a suitable relative with whom to place the child, and she received a favorable ICPC home study report approving placement. She was gainfully employed, lived in a stable home environment, and could provide for the child's physical and emotional needs. The Family Court placed undue weight

on the fact that the grandmother returned to Florida without sufficiently taking into account that she had to return to her job, and was not permitted to take the child with her at that time. Under these circumstances, the record does not support the Family Court's determination. It would be in the child's best interests to be placed with the grandmother pursuant to Family Court Act § 1017 and thus, grant the DSS's petition. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.