*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016          520855
                                             520833
_____

In the Matter of ERICK X.,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

KERI Y. et al.,
                    Respondents.

(And Another Related Proceeding.)
_____

Calendar Date:  February 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Matthew C. Hug, Troy, for appellant.

        Jane M. Bloom, Monticello, for Keri Y., respondent.

        Daniel Gartenstein, Ulster County Department of Social
Services, Kingston, for Ulster County Department of Social
Services, respondent.

        Theodore Stein, Woodstock, attorney for the children.

_____

Lynch, J.

        Appeals from two orders of the Family Court of Ulster
County (McGinty, J.), entered March 16, 2015, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
custody.

Petitioner (hereinafter the father) and respondent Keri Y. (hereinafter the mother) are divorced parents of two children born in 1999 (hereinafter child A) and 2002 (hereinafter child B). Pursuant to a March 2011 order of custody, the mother had sole custody of the children and the father was allowed ample parenting time and access to medical and educational records. In February 2013, after the father disciplined child A by repeatedly striking her in the presence of child B and others, the father pleaded guilty to assault in the third degree and endangering the welfare of a child. He was placed on interim probation for one year, and a temporary order of protection was issued requiring him to stay away from both children for a period from February 2013 until September 2013. On November 6, 2013, Family Court granted a Family Ct Act article 10 neglect petition filed against the mother after determining that she tested positive for drugs and smoked marihuana in the presence of child A. With the father's apparent consent, the children were placed in the custody of the maternal grandparents pending a permanency hearing.

On November 8, 2013, the father commenced a Family Ct Act article 6 proceeding seeking to modify the November 6, 2013 dispositional order. Family Court combined the Family Ct Act article 10 proceeding with a fact-finding hearing regarding the father's petition pursuant to Family Ct Act article 6. In two separate orders, the court dismissed both the Family Ct Act article 6 and article 10 petitions. The father now appeals.

Generally, an order of disposition in a proceeding pursuant to Family Ct Act § 1055 must "reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Alaina E., 33 AD3d 1084, 1087 [2006]). Here, although the father participated as a nonparty respondent during the Family Ct Act article 10 proceeding, Family Court identified the maternal grandparents as the "suitable" custodians for initial placement during the pendency of that proceeding (see Family Ct Act §§ 1017 [1] [a]; 1055-b [a]; Matter of Paige G. [Katie P.], 119 AD3d 683, 684 [2014]). "In making [such] a determination . . . Family

Court [was obligated to] consider not only the custodian's ability to provide adequate shelter, but all the facts and circumstances relevant to the [children's] best interests" (Matter of Harriet U. v Sullivan County Dept. of Social Servs., 224 AD2d 910, 911 [1996]; see Matter of Paige G. (Katie P.), 119 AD3d at 684).

In a proceeding pursuant to Family Ct Act article 6 to modify an existing custody order, Family Court also considers the best interests of the children, but only after the parent seeking the modification has "demonstrate[d] a change in circumstances that warrants an inquiry into the best interests of the child[ren]" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]). In this context, factors relevant to the best interests analysis include "the relative fitness, stability, past performance, and home environment of the parents, as well as their ability to guide and nurture the children and foster a relationship with the other parent" (Matter of Rohde v Rohde, 135 AD3d 1011, 1012 [2016] [internal quotation marks and citation omitted]). The best interests of the children may also be considered in a custody dispute between a parent and nonparent, but only if the nonparent demonstrates, insofar as is relevant here, extraordinary circumstances to overcome a parent's overriding claim of custody to his or her child (see Matter of Rumpff v Schorpp, 133 AD3d 1109, 1110 [2015]).

Initially, we are not persuaded by the father's argument that there were no extraordinary circumstances presented that would allow an award of custody to the maternal grandparents. Here, the children were placed with the maternal grandparents pursuant to Family Ct Act §§ 1017 and 1055, not Family Ct Act article 6 (see Family Ct Act § 1055-b). As set forth above, the issue was therefore limited to whether the maternal grandparents were "suitable . . . person[s] related to the child[ren]" (Family Ct Act § 1017 [1] [a]). At the hearing on the father's modification petition, Family Court confirmed that when the children were placed with the grandparents, there was "confusion" with regard to the status of the order of protection. In its findings, Family Court determined that the father demonstrated a change in circumstances based on the expiration of the order of

protection and his completion of certain parenting and domestic violence programs and proceeded to consider the best interests of the children. Because no party now challenges this finding, we focus our review on Family Court's best interests analysis.

Whether assessed in the context of Family Ct Act article 6 or Family Ct Act article 10, a court's factual findings with regard to a child's best interests are entitled to our deference and its determination should not be disturbed as long as it is supported by a sound and substantial basis in the record (see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1164 [2015], lv dismissed and denied 26 NY3d 998 [2015]; Matter of Alaina E., 33 AD3d at 1087). Here, as noted by Family Court, the testimony at the hearing was that the children had spent the majority of their lives living with the maternal grandparents. Accordingly, they have attended school, participated in extracurricular activities and developed friendships in the school district where the maternal grandparents live. The father, who had never been the children's primary caretaker, lives in a different school district with his paramour and two other children. Like Family Court, we note that, during his testimony, the father "minimized" and failed to appreciate how difficult a move could be for the children. The father testified with regard to the children's behavioral issues, particularly one event involving child A that was indisputably significant and could have had tragic consequences. Although the father attributed the children's bad behavior to the maternal grandparents' inability to control them, he was unable to provide any insight with regard to discipline techniques that he would employ. The father testified that he had used corporal punishment on the children in the past and, despite the passage of time and completion of programs, when asked about the event with child A that precipitated the order of protection, the father still characterized it as getting "a little physical" with the child. At the hearing, he gave examples of misbehavior but also explained that, when things became difficult, he would send the children back to the maternal grandparents. Based on our review of the record as a whole, we find a sound and substantial basis in the record for Family Court's determination that it was in the children's best interests not to modify the existing custody order and to

continue their placement with the maternal grandparents.

McCarthy, J.P., Egan Jr. and Rose, JJ., concur.



ORDERED that the orders are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court