Matter of Kathleen K. v Daniel L. (2019 NY Slip Op 08465)





Matter of Kathleen K. v Daniel L.


2019 NY Slip Op 08465


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

527695

[*1]In the Matter of Kathleen K., Appellant,
v
Daniel L., Respondent. Ulster County Department of Social Services, Respondent.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


Lindsay H. Kaplan, Kingston, for appellant.
Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for Ulster County Department of Social Services, respondent.
Marcia Heller, Rock Hill, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered October 5, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2007). Pursuant to a 2016 order, the father was awarded sole custody of the child with the mother having visitation. In 2017, the mother commenced a proceeding under Family Ct Act article 6 to modify the 2016 order and, in her petition, the mother sought sole custody of the child. In February 2018, the Ulster County Department of Social Services (hereinafter DSS) commenced a neglect proceeding against the father and the child's stepmother.[FN1] The father subsequently admitted to a finding of educational neglect, and Family Court conducted a joint hearing on the modification petition and the dispositional phase of the neglect petition. Following the joint hearing, the court found that the child would be at imminent risk if she resided in either parent's home. In an order dated October 19, 2018, the court granted the neglect petition and temporarily placed the child in the custody of DSS. In a separate order entered October 5, 2018, the court dismissed the mother's modification petition. The mother appeals solely from the October 5, 2018 order.
The mother initially contends that Family Court erred by failing to make findings of fact as required by CPLR 4213 (b). The record reflects that the court, in making its findings of fact, merely credited and adopted the statements made by the respective counsels for the mother and DSS in their closing statements as a basis for concluding that the father's household was not suitable for the child. The court also did the same with respect to the attorney for the child's closing statement in determining that the mother's household was not an appropriate place for the child to reside. We reiterate that the facts recited in a closing statement do not reflect the evidence from a hearing but rather the position of a particular party (see Matter of Timothy V. v Sarah W., 144 AD3d 1423, 1424 n [2016]). Accordingly, a court should refrain from adopting closing statements by the parties as findings of fact. Notwithstanding the foregoing, the matter need not be remitted given that the court provided a basis for its determination and the record is sufficiently developed for us to exercise our authority to make independent findings consistent with the best interests of the child (see Matter of Mariah K. [Rachael K.—Jay L.], 165 AD3d 1379, 1381 [2018]).
Family Court held a joint hearing on the modification petition and the dispositional phase of the neglect proceeding and, in so doing, was required to resolve the modification petition under the auspices of Family Ct Act article 6 (see Family Ct Act §§ 651 [c-1]; 1055-b [a-1]; Matter of Mariah K. [Rachael K.—Jay L.], 165 AD3d at 1381). That said, the mother bore the initial burden of demonstrating a change in circumstances since the entry of the prior custody order so as to trigger an analysis of the best interests of the child (see Matter of Lionel PP. v Sherry QQ., 170 AD3d 1460, 1461 [2019]; Matter of Normile v Stalker, 140 AD3d 1233, 1234 [2016]). In view of the father's neglect admission, the record discloses the requisite change in circumstances (see Matter of Mariah K. [Rachael K.—Jay L.], 165 AD3d at 1381; Matter of Mark RR. v Billie RR., 95 AD3d 1602, 1603 [2012]).
As to the best interests of the child, the mother admitted at the joint hearing that, even though she was required to notify the father of any persons residing with her, she did not tell him that her boyfriend lived in her house. The mother testified that she brought the child to visit the child's maternal aunt despite the fact that she knew that the maternal aunt was not allowed to be around children. The mother also testified that, when the child expressed suicidal ideation and was taken to the hospital, she neither accompanied the child nor visited her. The mother did not read books to the child at night, and she did not assist her with her homework. The mother also did not attend any of the child's school meetings or contact the child's school about her progress. The record further reflects that the child has lived primarily with the father and that, at one point, the mother failed to exercise her visitation for a whole year. Based on the foregoing, we find that the evidence supports the determination that granting the mother's modification petition and awarding her sole custody of the child would not serve the best interests of the child (see Matter of Erick X. v Keri Y., 138 AD3d 1202, 1205 [2016]).
Finally, the mother argues that Family Court erred in placing the child in the custody of DSS. After the joint hearing, the court issued two separate orders — the October 19, 2018 order pertaining to the neglect petition and the October 5, 2018 order disposing of the modification petition (compare Matter of Mariah K. [Rachael K.—Jay L.], 165 AD3d at 1380) — and the child was placed in the custody of DSS in the October 19, 2018 order. Although the mother was given notice of the neglect petition and participated in the joint hearing (see Family Court Act § 1035 [d]), the mother appealed only from the October 5, 2018 order (compare Matter of Erick X. v Keri Y., 138 AD3d at 1203; Matter of Diane C. v Richard B., 119 AD3d 1091, 1093 [2014]). Because the mother's appeal was limited to the order dismissing her modification petition, her argument regarding the placement of the child is not properly before us. Even if it was, the argument is without merit. The mother's remaining contentions have been examined and are unavailing.
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The child had lived with the father and his wife, the child's stepmother, in various places in Ulster County.