Matter of Ethan B. (Wendy D.) (2025 NY Slip Op 00957)

Matter of Ethan B. (Wendy D.)

2025 NY Slip Op 00957

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-11405
 (Docket No. N-1585-23)

[*1]In the Matter of Ethan B. (Anonymous). Rockland County Department of Social Services, respondent; Wendy D. (Anonymous), appellant. Wendy D., appellant pro se.

Thomas E. Humbach, County Attorney, Pomona, NY (Edward Lussen of counsel), for respondent.
Nicole DiGiacomo, New City, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), dated October 20, 2023. The order, insofar as appealed from, modified a prior order of removal of the same court (Rachel E. Tanguay, J.) dated June 1, 2023, made after a hearing pursuant to Family Court Act § 1027, and temporarily released the subject child to the nonrespondent father, with supervision by the petitioner.
ORDERED that the order dated October 20, 2023, is affirmed insofar as appealed from, without costs or disbursements.
Pursuant to Family Court Act § 1024, the subject child was removed from the mother's custody. After a hearing pursuant to Family Court Act § 1027, in an order dated June 1, 2023, the Family Court continued the temporary removal of the child from the mother's custody. The child was thereafter temporarily released to the custody of the nonrespondent father, with supervision by the petitioner, upon the petitioner's application to modify the June 1, 2023 order.
Contrary to the mother's contentions, the Family Court's determination to modify the June 1, 2023 order so as to temporarily release the child to the custody of the nonrespondent father has a sound and substantial basis in the record and will not be disturbed (see id. §§ 1017[2][a][ii]; 1027[d]; Matter of Paige G. [Katie P.], 119 AD3d 683, 684).
The child's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court