OPINION OF THE COURT

Per Curiam.

On November 22, 1982, following a hearing, respondent New York State Commissioner of Health issued an order revoking the operating certificate of Beth Rifka, Inc., as operator of the Beth Rifka Nursing Home on Staten Island, citing numerous health and safety violations. Although that order directed that all patients be discharged from Beth Rifka by December 1, 1982 and placed in alternate facilities, it left the operator itself responsible for effecting the discharge and for operating the facility until that time. Petitioners, residents of Beth Rifka Nursing Home, insti *571 tuted this article 78 proceeding seeking, inter alia, an order directing respondent to appoint a receiver pursuant to section 2810 (subd 2, par a) of the Public Health Law to oversee operation of the facility pending completion of the discharge. Special Term denied the application. On appeal the Appellate Division affirmed, holding that the commissioner possesses discretion to determine whether or not to apply for appointment of a receiver and that insofar as section 2810 (subd 2, par a) provides that the commissioner shall apply to Supreme Court for appointment of a receiver upon revocation of a facility’s operating certificate, the statute is directory and not mandatory.*
Despite the fact that this proceeding is moot because all patients residing in Beth Rifka Nursing Home have been discharged and transferred, the issue is re viewable. The interpretation given the statute potentially affects the health and safety of numerous nursing home patients, and, when a predictably similar situation arises, the need for prompt remedial action would likely deprive this court of an opportunity for meaningful review (see Matter of Storar, 52 NY2d 363, 369-370; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). With recognized exceptions to the mootness doctrine manifestly applicable, we treat the instant proceeding as one seeking declaratory relief and reach the issue of statutory construction.
At the time of its enactment in 1975, section 2810 (subd 2, par a) of the Public Health Law provided in part that the commissioner, upon ordering the revocation of a facility’s operating certificate, “may apply” to the Supreme Court for the appointment of a receiver (L 1975, ch 649). Only two years later, section 2810 was amended and the word “shall” apply was substituted in place of may (L 1977, ch 896, § 2). The change evinced an unmistakable legislative intent to require the commissioner to submit the matter to the court for its determination and control *572 (McKinney’s Cons Laws of NY, Book 1, Statutes, § 171, p 334; 2A Sutherland, Statutory Construction [4th ed, Sands], § 57.05). Moreover, it is noteworthy that a segment of the Moreland Report issued in 1976, a year before the amendment, pointed to serious deficiencies in the “large-scale transfer of patients” (Sixth Report of New York State Moreland Act Commission on Nursing Homes and Residential Facilities, Assessment and Placement: Anything Goes [March, 1976]), indicating that the Legislature was cognizant of these deficiencies and added the word “shall” in an effort to provide mandatory application for supervision by receivers of patient transfers. Such an interpretation of the statute is supported, not belied, by its express wording and the purposes the statute seeks to achieve, which are, as always, the primary determinants of whether a provision is directory or mandatory (see Matter of King v Carey, 57 NY2d 505; People v Karr, 240 NY 348, 351-352; Matter of 121-129 Broadway Realty v New York State Div. of Human Rights, 43 AD2d 754). By its terms, the statute provides that the appointment of a receiver is “a means of protecting the health, safety and welfare of the patients in a residential health care facility, whenever the commissioner revokes the operating certificate” (Public Health Law, § 2810, subd 2, par a). With these important objectives in mind, a mandatory interpretation requiring an application for the appointment of receivers should be adopted. Entrusting the issue to judicial discretion when considering the application leaves room for denying the appointment of a receiver if circumstances dictate that no appointment is desirable or prudent.
Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted declaring that section 2810 (subd 2, par a) of the Public Health Law requires the Commissioner of Health to apply to Supreme Court for an order appointing a receiver to supervise the closing of a residential health care facility whose operating certificate has been revoked by the commissioner.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Simons concur in Per Curiam opinion; Judge Meyer taking no part.
*573 Order reversed, with costs, and judgment granted in favor of appellants in accordance with the opinion herein.

 Public Health Law, § 2810: “2. a. As a means of protecting the health, safety and welfare of the patients in a residential health care facility, whenever the commissioner revokes the operating certificate of such a facility he shall apply to the supreme court in the county where the facility is situated for an order directing the owner of the land and/or structure on or in which the facility is located to show cause why the commissioner, or his designee, should not be appointed receiver to take charge of the facility.”