■ In the Matter of the Arbitration between GERALD L. MORROW, Respondent, and PARAGON ENTERPRISES, LTD., Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered November 24, 1986 in Albany County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

In 1981, Gerald L. Morrow sold his food brokerage business to Paragon Enterprises, Ltd. As part of the consideration for the sale, Paragon contracted to employ Morrow in the busi-

ness. The contract contained an agreement requiring the parties to submit disputes to arbitration. Differences developed and, in January 1986, Morrow commenced an arbitration proceeding. In March 1986, Paragon countered with an action commenced in Supreme Court in which it contended that Morrow had failed to render substantial performance under the terms of the agreement. Paragon then made a motion to stay the arbitration proceeding. Paragon contended that the dispute between the parties included matters which were not within the scope of the arbitration agreement. Morrow opposed the motion and cross-moved for an order compelling arbitration.

In May 1986, Supreme Court denied Paragon's motion to stay the arbitration and granted Morrow's motion to compel arbitration. Paragon filed a notice of appeal but failed to perfect its appeal. The dispute proceeded to arbitration where an award was ultimately rendered in favor of Morrow. Morrow's application to confirm the award was granted and a judgment was entered upon the confirmation of the award. It is from this judgment which Paragon appeals.

Paragon contends that the arbitration proceeding should have been stayed. This contention, which essentially seeks review of Supreme Court's May 1986 order, is not properly before this court. The scope of appellate review from a final judgment includes any *nonfinal* judgment or order which necessarily affects the final judgment (CPLR 5501 [a] [1]; *see, Hurd v Lis,* 126 AD2d 163, 166). The Court of Appeals has held that an order granting or denying a motion to compel arbitration is a *final* order *(Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 505, n 2, *cert denied* — US —, 107 S Ct 402; *Matter of Wilaka Constr. Co. [New York City Hous. Auth.],* 17 NY2d 195, 204). It thus follows that an order compelling arbitration is not within the scope of review of a subsequent judgment entered upon the confirmation of the arbitration award. Since no other argument of merit has been made by Paragon in support of its appeal from the judgment entered upon the confirmation of the arbitration award, the judgment must be affirmed.

Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.