■ WILLIAM P. SULLIVAN, JR., Respondent, v SARA MURRAY, Appellant.—Levine, J. Appeal from that part of an order of the Supreme Court (Swartwood, J.), entered May 5, 1986 in Tompkins County, which held that service of process on defendant was adequate and extended defendant's time to serve her answer to the complaint.

On October 21, 1985, plaintiff commenced this action against defendant to recover for professional services rendered. The summons and complaint were served by substituted service under CPLR 308 (4), following four unsuccessful attempts to serve defendant personally at her home address at 104 Pinewood Drive in the City of Ithaca, Tompkins County. Defendant thereafter did not answer and, in February 1986, a default judgment was entered against her in the amount of $26,672.85. Defendant subsequently moved to vacate the default judgment. This motion was opposed by plaintiff. Supreme Court granted the motion to vacate and made a further finding that defendant was properly served pursuant to CPLR 308. Defendant appeals from that part of the court's order which determined that service was adequate and directed her to serve plaintiff with her answer within 30 days.

Defendant, in her papers supporting her motion to vacate the default judgment, contended that the action was not properly commenced because the complaint with which she was served bore the index number of a prior action which had been dismissed for failure to prosecute. Defendant's contention that this constituted a jurisdictional defect has already been rejected by this court in a prior appeal from the denial of defendant's motion to dismiss the complaint (136 AD2d 840).

On appeal defendant also challenges the substitute "nail and mail" service upon her, contending that the affidavit of service is insufficient to demonstrate "due diligence" in attempting to serve her personally (see, CPLR 308 [4]) since it fails to specify the time of day when service was attempted (see, CPLR 306 [c]; see also, Siegel, NY Prac § 74, at 79-80; cf., Barnes v City of New York, 70 AD2d 580, affd 51 NY2d 906). Defendant also contends that she no longer resided at the address served by plaintiff. Inasmuch as defendant failed to

raise these objections before Supreme Court, we decline to consider them for the first time on appeal. In any event, defendant repeatedly admits in her affidavits supporting her motion to vacate the default that she received the substitute service of the summons and complaint at the address used by plaintiff. Such written admissions of receipt of service, in themselves, constitute adequate proof of service *(see,* CPLR 306 [e]).

Order affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.