172

In the Matter of PETER J. CARIO et al., Individually and as Members of the Board of Education of Brookhaven-Comsewogue Union Free School District, Appellants-Respondents, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents-Appellants.

Third Department, May 24, 1990

## APPEARANCES OF COUNSEL

*Block, Amelkin & Hamburger (Richard Hamburger* of counsel), for appellants-respondents.

*Robert E. Diaz (Charles E. O'Brien* of counsel), for Thomas Sobol, respondent-appellant.

*Pelletreau & Pelletreau (Kevin A. Seaman* and *Vanessa M. Sheehan* of counsel), for Mount Sinai Union Free School District, respondent-appellant.

OPINION OF THE COURT

MERCURE, J.

Respondent Commissioner of Education is authorized pursuant to Education Law § 314 to periodically review and update the Master Plan for School District Reorganization in New York (hereinafter the State Plan) and to "make recommendations for school district reorganization so as to assure the most efficient and economical provision of education facilities" (Education Law § 314 [1]). As of 1958, the State Plan provided, as is relevant here, for a proposed central school district consisting of the Comsewogue, Mt. Sinai, Setauket, Port Jefferson, Miller Place, Shoreham, Stony Brook, Rocky Point and Wading River school districts in the Town of Brookhaven, Suffolk County. Except for amendments in 1965, to allow for the merger of the Setauket and Stony Brook school districts, and 1972, to allow for the merger of the Shoreham and Wading River school districts, the State Plan has remained unchanged. Education Law § 3602 (16) (c)* provides an economic incentive for reorganization by permitting school districts having school tax rates above the 90th percentile of all school districts in the State to receive "high tax aid" for the school year 1980 and thereafter if it maintained a home school for grades K-8 during the school year 1979-1980 and has indicated to the Commissioner that it is willing to reorganize, although no district has been willing to join in reorganization with such district.

Following unsuccessful efforts to induce the Mt. Sinai school district to merge with the Comsewogue school district, petitioners commenced this CPLR article 78 proceeding, *inter alia*, to compel the Commissioner to revise the State Plan to provide for the merger of Comsewogue and Mt. Sinai, and for a determination that Mt. Sinai is not entitled to high tax aid pursuant to Education Law § 3602 (16) (c) and that Comsewogue is entitled to such aid. Supreme Court granted the petition to the extent of enjoining Mt. Sinai from receiving any additional high tax aid and denied all other requested relief. Petitioners and respondents cross-appeal and Mt. Sinai also appeals from Supreme Court's denial of its motion to renew and/or reargue.

■ Initially, we agree with Supreme Court that revision of the State Plan pursuant to Education Law § 314 need only be made as the Commissioner deems necessary and, accordingly,

---

* Originally enacted as Education Law § 3602 (16) (i) *(see,* L 1980, ch 877, § 14, as amended by L 1984, ch 53, § 30).

the courts may not substitute their judgment for that of the Commissioner *(see, Klostermann v Cuomo,* 61 NY2d 525, 539; *cf., Matter of McCormick v Axelrod,* 59 NY2d 568, 572). Moreover, petitioners' remedy is governed exclusively by Education Law § 314 (3), which provides that "[a]ny school district scheduled for reorganization, and not reorganized, desiring a change in the established plan of reorganization * * * may petition to the [C]ommissioner for a formal public hearing stating the changes desired with the supporting papers, data and information * * * upon the motion of a majority of the voters of such school district, present and voting at an annual or special school district meeting or election adopting a resolution directing the school board or trustees to file such petition" (Education Law § 314 [3] [a]). It is fundamental that failure to exhaust available administrative remedies bars an action for judicial review *(see, Matter of Fahey v Axelrod,* 152 AD2d 867, 868-869; *Aldrich v Pattison,* 107 AD2d 258, 267-268).

■■ Turning to the issues concerning the respective school districts' entitlement to high tax aid pursuant to Education Law § 3602 (16) (c), we note as a threshold matter our view that petitioners had standing, as individual taxpayers under State Finance Law § 123-b, to challenge the disbursement of State funds to Mt. Sinai. Addressing the merits, we agree with Supreme Court that neither Comsewogue nor Mt. Sinai is eligible for the high tax aid. Comsewogue is ineligible because it has at all relevant times maintained a home school for grades K-12, and the statute by its clear terms applies only to school districts maintaining a home school for grades K-8. We reject Comsewogue's contention that section 3602 (16) (c) states only a threshold requirement, i.e., that the particular district maintain a home school for *at least* grades K-8 during the 1979-1980 school year. The legislative history to Education Law § 3602 (16) (c) supports respondents' contention that the statute was purposely drafted in such a way that only Mt. Sinai would qualify for high tax aid under its terms and, notably, an unsuccessful effort was made in 1987 to amend Education Law § 3602 (16) (c) so as to extend the high tax aid to all school districts, not just those having grades K-8. Moreover, although our interpretation is based upon analysis of the statutory language and reference to the legislative history *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459), it is worth noting that the Commissioner's interpretation is not to the contrary.

■ Although somewhat less clear, we agree with Supreme Court that Mt. Sinai is also not currently eligible for the high tax aid. Of the three conditions for eligibility for high tax aid under Education Law § 3602 (16) (c), two, maintenance of a home school for grades K-8 and a tax rate in the 90th percentile, are stated in the past tense, i.e., "maintained a home school" and "had a tax rate", and the statute specifically requires satisfaction of those conditions in the 1979-1980 school year. The third requirement, willingness to reorganize, has no date restriction and is not stated in the past tense. Rather, the statute requires that a school district "has indicated * * * that it is willing to reorganize, although no district has been willing to join in reorganization with such district". In our view, both logic and the statutory language require that the willingness to reorganize be a continuing one. We note that we are not bound by the Commissioner's contrary interpretation given the statute, because construction of Education Law § 3602 (16) (c) involves a "question * * * of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" *(Kurcsics v Merchants Mut. Ins. Co., supra,* at 459; *see, Matter of De Mayo v Rensselaer Polytech Inst.,* 74 NY2d 459, 462; *Matter of Judd v Constantine,* 153 AD2d 270, 272-273).

■ Finally, Supreme Court did not abuse its discretion in denying Mt. Sinai's motion to renew and/or reargue. The additional material submitted by Mt. Sinai was available to it at the time of the initial proceeding and would not have affected the outcome of the litigation in any event.

Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Judgment and order affirmed, without costs.