■ In the Matter of the Arbitration between WILLIAM W. BARNES, as Sheriff of the County of Schenectady, Appellant, and COUNCIL 82, AFSCME, on Behalf of DAVID MONROE, et al., Respondents. [652 NYS2d 383] —Casey, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 13, 1996 in Schenectady County, which, in an application pursuant to CPLR 7503, denied petitioner's motion for reargument.

It is well settled that no appeal lies from the denial of a motion to reargue (*see, Misek-Falkoff v Village of Pleasantville*, 207 AD2d 332, 333; *Donnelly v Donnelly*, 114 AD2d 671, 672, *lv dismissed* 67 NY2d 607). It is equally well settled that a motion based upon an intervening change in the law is a motion to reargue, not to renew, and therefore must be brought within the time to appeal (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, at 183-184). Accordingly, Supreme Court correctly concluded that petitioner's motion based upon the intervening decision of another Supreme Court Justice in a similar proceeding was a motion to reargue.

There is case law which, in an effort to promote judicial economy, permits a motion to reargue despite the expiration of the time to appeal the original order where the motion is based upon an intervening change in the law and the original order is an intermediate one which would ultimately be subject to review upon appeal from the final judgment (*see, Foley v Roche*, 86 AD2d 887, *lv denied* 56 NY2d 507). Petitioner argues that the original order herein was not a final disposition because it dealt only with the threshold issue of arbitrability, not the merits of the underlying dispute. We reject the argument. Petitioner's application to stay arbitration was made in the context of a special proceeding and Supreme Court's denial of the application constitutes a final order disposing of the special proceeding (*see, Cabrini Med. Ctr. v Desina*, 64 NY2d 1059, 1061, n). The order will not be subject to review upon an appeal from a judgment in a subsequent proceeding to confirm or vacate the arbitration award which resolves the merits of the dispute (*see, Matter of Morrow [Paragon Enters.]*, 135 AD2d 931).

We conclude, therefore, that there are no unusual circumstances which would warrant departure from the rules ordinarily applicable to a motion to reargue (*see*, Siegel, NY Prac § 254, at 383 [2d ed]). Petitioner had an ample opportunity to appeal the original order which finally disposed of the special proceeding commenced by petitioner to determine the arbitrability of the underlying dispute. Petitioner failed to timely ap-

peal the original order and, therefore, reargument cannot be used as a means to extend the time to appeal, regardless of whether Supreme Court's ruling on the arbitrability issue was correct (*see, Matter of Huie [Furman]*, 20 NY2d 568, 572).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the appeal is dismissed, without costs.