(October 21, 1997)

■ ROBERT HUTT et al., Appellants, v KIDDER, PEABODY & CO., INCORPORATED, Respondent. [663 NYS2d 172] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 2, 1996, insofar as it denied that branch of plaintiffs' motion to renew an order of the same court and Justice entered March 2, 1995, granting defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, and, insofar as it denied that branch of plaintiffs' motion to reargue the prior order, the appeal therefrom is unanimously dismissed, with costs.

Contrary to plaintiffs' contention, a motion based upon an

intervening change in the law is a motion to reargue, not renew (*Matter of Barnes [Council 82, AFSCME]*, 235 AD2d 826, citing Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:8, at 183-184). Since no appeal lies from the denial of a motion to reargue absent unusual circumstances (*supra*, at 826, citing, *inter alia*, Siegel, NY Prac § 254, at 383 [2d ed]), the IAS Court's rejection of plaintiffs' argument that *Mirchel v RMJ Sec. Corp.* (205 AD2d 388) effected a change in the law validating their complaint is unreviewable. Renewal was properly denied since no previously unavailable or unknown evidence was submitted (*see, Lee v Ogden Allied Maintenance Corp.*, 226 AD2d 226, *lv dismissed* 89 NY2d 916), and, even if there were, the dismissal of the action is hardly reason by itself for a discretionary departure from that rule. We have considered plaintiffs' other arguments and find them to be without merit. Concur—Murphy, P. J., Wallach, Nardelli, Tom and Colabella, JJ.