■ In the Matter of the Arbitration between WILLIAM W. BARNES, as Sheriff of the County of Schenectady, Appellant, and COUNCIL 82, AFSCME, on Behalf of DAVID MONROE et al., Respondent. [666 NYS2d 527] —Mikoll, J. Appeals (1) from a judgment of the Supreme Court (Kramer, J.), entered April 22, 1997 in Schenectady County, which, *inter alia*, granted respondent's application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from an order of said court, entered July 10, 1997 in Schenectady County, which denied petitioner's motion to renew.

Petitioner commenced this proceeding for a judgment stay-

ing the arbitration commenced by respondent on behalf of David Monroe and John Lazzari, two former Schenectady County correction officers who were denied disability benefits under General Municipal Law § 207-c. Determining, *inter alia*, that the matter was arbitrable, Supreme Court (Dawson, J.) denied petitioner's application and ordered the parties to submit to arbitration. Petitioner failed to appeal from such order and we affirmed the denial of his ensuing motion to reargue based upon an intervening change in the law precluding arbitration of General Municipal Law § 207-c claims as untimely (*see*, 235 AD2d 826). Following hearings on the matter, an arbitration award was made in Monroe's favor. Petitioner appeals from both Supreme Court's (Kramer, J.) judgment confirming the award and its order denying his subsequent motion to renew.

Petitioner argues that because the claim was not arbitrable the arbitration award violated public policy and was made in excess of the arbitrator's jurisdiction. Petitioner's argument is in essence an attack upon Supreme Court's order determining that the matter was arbitrable and, inasmuch as we previously held in this case that such order was not subject to review upon appeal from the judgment confirming the arbitration award (*see*, *id.*, at 826; *see also*, *Matter of Morrow [Paragon Enters.]*, 135 AD2d 931, 932), we decline to review it. As to petitioner's claim that the award was irrational because the arbitrator misstated the dates associated with Monroe's disability, an arbitration award will not be vacated for errors of law or fact, especially where, as here, such errors are harmless (*see*, *Matter of Sprinzen [Nomberg]*, 46 NY2d 623). Finally, we reject petitioner's claim that Supreme Court erred in denying the motion to renew. The record is devoid of any evidence that respondent deliberately concealed that Monroe received treatment from an additional psychiatrist (*see*, *Matter of Klikocki [New York Dept. of Corrections]*, 216 AD2d 808, 809) and, in any event, the psychiatrist's testimony would not have altered the outcome of the proceeding (*see*, *Matter of Cario v Sobol*, 157 AD2d 172, 176; *Albanese v Stevens*, 148 AD2d 805, 806).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment and order are affirmed, with costs.