■ TERENCE FLOYD, Appellant, v SALAMON BROTHERS, Respondent. [672 NYS2d 30] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 22, 1997, which granted defendant's motion to vacate a prior order holding it in default and to dismiss the complaint for failure to file proof of service, unanimously affirmed, without costs.

Inasmuch as the action was automatically dismissed as of February 24, 1996 due to plaintiff's admitted failure to file proof of service by that date (*see, Black v Randall Med. Offs.*, 237 AD2d 110; *Matter of Hicks v City of New York*, 247 AD2d 342), and no new action was commenced within 120 days thereafter, as permitted by CPLR former 306-b (b), the IAS Court correctly held that it did not have jurisdiction to enter the default judgment that it had granted on July 11, 1996, and properly vacated its prior order holding defendant in default

and dismissed the complaint. Defendant's service of a demand for a complaint before February 24, 1996 did not constitute an appearance (CPLR 3012 [b]), and its activities after February 24, 1996, in serving an answer (rejected by plaintiff as untimely) and opposition papers to plaintiff's motion for a default judgment (never received by the court), were properly characterized by the IAS Court as "nullit[ies]", since there was no action pending in which defendant could have appeared. We reject plaintiff's argument for retroactive application of amended CPLR 306-b, which does not contain any language indicating a retroactive intent (McKinney's Cons Laws of NY, Book 1, Statutes § 52). Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.