CLYDE REID et al., Appellants, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents. [679 NYS2d 34] —Appeal from judgment, Supreme Court, Bronx County (Barry Salman, J.), entered April 3, 1997, dismissing the complaint pursuant to a prior order of the same court and Justice, entered January 15, 1997, which granted defendants' motion to dismiss the complaint based upon plaintiffs' failure to satisfy the requirements of CPLR former 306-b, unanimously dismissed as academic, without costs. Order, same court and Justice, entered on or about December 26, 1997, denying plaintiffs' motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiffs instituted this medical malpractice action by filing a summons and complaint on January 30, 1995, but did not serve defendants until August 11, 1995, 193 days later, and

did not file proof of service until August 30, 1995. In ensuing motion practice, defendants, who had not appeared in the action, sought and obtained an order directing the complaint's dismissal based on plaintiffs' failure to timely serve the summons and complaint and to timely file proof of service pursuant to CPLR 306-b and based as well upon plaintiffs' subsequent failure to commence a new action pursuant to CPLR 306-b (b), which would have afforded plaintiffs an additional 120 days in which to serve defendants. Nearly one year subsequent to the January 15, 1997 order granting defendants' motion to dismiss, and, indeed, subsequent even to the April 3, 1997 entry of judgment in defendants' favor dismissing the action, plaintiffs moved for "renewal and reargument", premising their motion upon the then newly enacted version of CPLR 306-b, which, in relevant part, permitted a court to extend the time for effecting service "upon good cause shown". The motion was denied.

The denial of plaintiffs' motion for "renewal and reargument" is nonappealable for various reasons. It is, however, sufficient to note that plaintiffs' motion was actually one for reargument (*see, Hutt v Kidder, Peabody & Co.*, 243 AD2d 332) and no appeal lies from an order denying such motion (*see, Matter of Barnes [Council 82, AFSCME]*, 235 AD2d 826).

In any event, it is clear that the new version of CPLR 306-b upon which plaintiffs would rely is not to be retroactively applied (*see, Floyd v Salamon Bros.*, 249 AD2d 139) and, accordingly, that the new enactment had no bearing upon the adjudication of defendants' CPLR 306-b dismissal motion, decided nearly one year before the successor statute's January 1, 1998 effective date. Under the controlling, prior version of the statute, defendants' dismissal motion was superfluous, as were its decisional sequellae, for pursuant to the then applicable version of CPLR 306-b, plaintiffs' action had, at the time of defendants' motion, already been automatically "deemed dismissed" based on plaintiffs' failure to file timely proof of service and their failure to file a subsequent action within the second 120-day period referred to in CPLR 306-b (b) (*see, Matter of Gershel v Porr*, 89 NY2d 327; *Black v Randall Med. Offs.*, 237 AD2d 110). Since the judgment dismissing the complaint was superfluous, the appeal therefrom must be dismissed (*see, supra*). Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.