■ In the Matter of BLUE HILL PLAZA ASSOCIATES, Respondent, v ASSESSOR(S) OF THE TOWN OF ORANGETOWN et al., Respondents-Appellants, and PEARL RIVER UNION FREE SCHOOL DISTRICT, Intervenor-Appellant. (Proceeding No. 1.) In the Matter of GLORIOUS SUN ROBERT MARTIN, L. L. C., Respondent, v ASSESSOR(S) OF THE TOWN OF ORANGETOWN et al., Respondents-Appellants, and PEARL RIVER UNION FREE SCHOOL DISTRICT, Intervenor-Appellant. (Proceeding No. 2.) [688 NYS2d 569] —In consolidated proceedings pursuant to RPTL article 7 to review real property tax assessments, (1) the Assessor(s) of the Town of Orangetown and the Town of Orangetown appeal from two orders of the Supreme Court, Rockland County (Palella, J.), both entered August 19, 1997, which denied their motion to dismiss the proceedings for the tax years 1993-1994 and 1994-1995, respectively, and (2) the Assessor(s) of the Town of Orangetown and the Town of Orangetown appeal, and the intervenor Pearl River Union Free School District separately appeals, from an order of the same court, entered March 10, 1998, which granted the motion of the petitioners in Proceeding Nos. 1 and 2 for reargument of the appellants' prior motions to dismiss the proceedings challenging the real property tax assessments for the tax years 1995-1996 and 1996-1997, which motions were granted by two orders and judgments (one paper) of the same court, both entered August 19, 1997, and, upon reargument, vacated the orders and judgments, and denied the motions to dismiss the proceedings for the tax years 1995-1996 and 1996-1997.

Ordered that the orders are affirmed, with one bill of costs.

We have recently held that the newly-amended CPLR 306-b, which became effective on January 1, 1998 (L 1997, ch 476, § 2), may not be applied retroactively (see, Connor v Deas, 255 AD2d 287; accord, Floyd v Salamon Bros., 249 AD2d 139). Accordingly, the Supreme Court's reliance upon a retroactive application of the statute to sustain the instant petitions was error.

Nevertheless, the orders must be affirmed. Contrary to the appellants' contentions, the petitioners established compliance with the proof of service requirements imposed under former CPLR 306-b (a). The record demonstrates that the petitioners timely filed with the County Clerk duplicate copies of their notices of petition and petitions, which had been date-stamped "received" by the entities on which service had been made. Under the circumstances, the written admissions of receipt filed by the petitioners constituted adequate proof of service within the meaning of CPLR 306 (e) (cf., *Sullivan v Murray*, 145 AD2d 826; *see also, Matter of Goshen Shopping Assocs. v Assessor[s] of Town of Goshen*, 260 AD2d 481 [decided herewith]).

The appellants' remaining contentions are without merit. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.