■ In the Matter of GOSHEN SHOPPING ASSOCIATES, Respondent-Appellant, v ASSESSOR(S) OF THE TOWN OF GOSHEN et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of GOSHEN SHOPPING ASSOCIATES, Respondent-Appellant, v ASSESSOR(S) OF THE VILLAGE OF GOSHEN et al., Appellants-Respondents. (Proceeding No. 2.) [688 NYS2d 590] —In consolidated proceedings pursuant to RPTL article 7 to review real property tax assessments for the tax years 1993-1994, 1994-1995, and 1995-1996, the Assessor(s) of the Town of Goshen, the Board of Assessment of the Town of Goshen, the Assessor(s) of the Village of Goshen, and the Village of Goshen appeal from so much of an order of the Supreme Court, Orange County (Palella, J.), dated January 13, 1998, as denied their motion to dismiss the proceedings, and the petitioner in Proceeding Nos. 1 and 2 cross-appeals from so much of the same order as denied their cross motion for sanctions.

Ordered that the order is affirmed, with costs to the petitioner.

The Supreme Court erred in sustaining the instant petitions on the ground that the newly-amended CPLR 306-b, which became effective on January 1, 1998 (L 1997, ch 476, § 2), should be applied retroactively (*see, Matter of Blue Hill Plaza Assocs. v Assessor[s] of Town of Orangetown,* 260 AD2d 476 [decided herewith]; *Connor v Deas,* 255 AD2d 287; *Floyd v Salamon Bros.,* 249 AD2d 139).

Nevertheless, the order must be affirmed. Under the circumstances presented here, the petitioner complied with the proof of service filing requirements under CPLR former 306-b (a). Specifically, the record demonstrates that the petitioner timely filed duplicate copies of their notices of petition and petitions, which had been date-stamped "received" by the entities on which service had been made. We note further that the receipt stamps placed on the proceedings relating to the Village of Goshen also contained the handwritten initials of the Village Clerk, and the time of his receipt of the documents served. In light of the foregoing, we find that the written admissions of receipt filed by the petitioners constituted adequate proof of service within the meaning of CPLR 306 (e) (*see, Matter of Blue Hill Plaza Assocs. v Assessor[s] of Town of Orangetown, supra; cf., Sullivan v Murray,* 145 AD2d 826).

The Supreme Court properly denied the petitioner's cross motion for sanctions pursuant to 22 NYCRR 130-1.1.

The appellants' remaining contentions are lacking in merit. Bracken, J. P., Thompson, Altman and Krausman, JJ., concur.