■ In the Matter of ULSTER HEIGHTS PROPERTY, INC., Respondent, v ASSESSOR OF THE TOWN OF ORANGETOWN et al., Appellants, and SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Intervenor. [690 NYS2d 121] —In consolidated proceedings pursuant to RPTL article 7 to review real property tax assessments for the tax years 1992-1993, 1993-1994, 1994-1995, and 1995-1996, the Assessor and the Town Board of Assessment Review of the Town of Orangetown appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Palella, J.), dated January 23, 1998, as denied their motion to dismiss the proceedings to review the assessments for the tax years 1994-1995 and 1995-1996.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and proceedings to review the assessments for the tax years 1994-1995 and 1995-1996 are dismissed.

With respect to the proceeding to review the real property tax assessments for the 1994-1995 tax year, the record reveals that the petitioner filed an affidavit of service on August 23, 1994, which was more than 15 days after the 30-day Statute of Limitations expired (*see,* RPTL 702 [2]). With respect to the proceeding regarding the 1995-1996 tax year, the record reveals that the petitioner never filed an affidavit of service or any other acceptable proof of service within the statutory period. Inasmuch as the petitioner failed to timely file proof of service, the 1994-1995 and 1995-1996 proceedings were automatically deemed dismissed pursuant to CPLR former 306-b (a) (*see, Bochen v Schieffelin & Somerset Co.,* 242 AD2d 314; *Mohammed v Elassal,* 226 AD2d 509; *cf., Matter of Blue Hill Plaza Assocs. v Assessor[s] of Town of Orangetown,* 260 AD2d 476; *Matter of Goshen Shopping Assocs. v Assessor[s] of Town of Goshen,* 260 AD2d 481).

As we have recently held, the current version of CPLR 306-b,

which became effective on January 1, 1998 (L 1997, ch 476, § 2), may not be applied retroactively (*see, Connor v Deas,* 255 AD2d 287; *see also, Floyd v Salamon Bros.,* 249 AD2d 139). Accordingly, the Supreme Court's conclusion to the contrary was in error. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.