■ In the Matter of the Arbitration between WILLIAM W. BARNES, as Sheriff of Schenectady County, Respondent, and COUNCIL 82, AFSCME, on Behalf of DAVID MONROE, Appellant. [690 NYS2d 334] —Mikoll, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 19, 1998 in Schenectady County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

---

The issue before us is whether a correction officer's eligibility to perform light-duty work where he has been accorded total disability status pursuant to General Municipal Law § 207-c may be referred to arbitration.

David Monroe worked for the Schenectady County Sheriff's Department from 1985 to July 15, 1994 when he was terminated as a correction lieutenant for cause. In lieu of pursuing arbitration over his termination, Monroe agreed to return to the demoted position of correction officer.

He returned to work on January 17, 1995 as a correction officer but departed within an hour, complaining of an inability to work due to stress and anxiety. On February 7, 1995, Monroe filed an application for full disability benefits pursuant to General Municipal Law § 207-c. After the County denied the application, Monroe filed a grievance over the denial and sought arbitration which was held in March 1996. An award in his favor was confirmed on April 17, 1997. Following an appeal thereof,[*] the County paid Monroe his General Municipal Law § 207-c benefits for the period January 17, 1995 until January 16, 1998. As of January 17, 1998 Monroe was placed on the County payroll and continued to receive his General Municipal Law § 207-c benefits.

Monroe was ordered by the County to submit to examinations on January 18, 1997 and March 19, 1998 by Steven Rappaport, a psychiatrist. As a result of the examinations, Rappaport concluded that Monroe was capable of performing light-duty work for four to six weeks and could then return to full duty. Monroe was ordered by letter to return to work on April 20, 1998 for light duty. The letter had appended to it a list of job specifications for correction officers performing light duty. Monroe challenged the order to return to work and submitted unsigned reports by his own physicians opining that he was not fit to return to work for the Sheriff's Department.

The County advised Monroe's union, respondent, and Monroe that his dispute over the April 10, 1998 return to work order was governed by article XI of the County's procedures relating to General Municipal Law § 207-c and that Monroe and his representatives should file a step three grievance within 10 days of his receipt of the order challenging it. A grievance was never filed.

On April 22, 1998, respondent filed a notice of arbitration on Monroe's behalf "pursuant to Article 16 of the collective bargaining agreement between the parties * * * and the

---

[*] *See, Matter of Barnes (Council 82, AFSCME [Monroe])* (246 AD2d 755).

revised Article VI light duty assignments of the County of Schenectady 207-c procedure". The County had adopted procedures to administer the General Municipal Law § 207-c program (hereinafter the § 207-c procedures), including article XI, which provides a procedure to challenge an order to return to work in a light-duty capacity.

A CPLR article 75 proceeding was instituted by petitioner seeking an order permanently staying the arbitration sought by respondent and Monroe, who filed a cross petition to compel arbitration. Supreme Court determined that no right to arbitration of the issue exists under the contract between the County and respondent and that the dispute is not the type authorized by the Taylor Law (Civil Service Law art 14) as arbitrable. The court granted petitioner's application to stay arbitration permanently and this appeal ensued. Monroe and respondent argue that there is no public policy which prohibits arbitration of this dispute and that without arbitration there is no adequate review of the determination of eligibility for light duty. We disagree.

The issue presented here was addressed by the Court of Appeals in *Matter of Blackburne (Governor's Off. of Empl. Relations)* (87 NY2d 660). As the Court instructed, the legal analysis which needs to be undertaken requires first a determination of whether the Taylor Law permits the parties to agree to arbitrate the dispute in question and, if so, whether the parties did in fact agree to such arbitration (*see, Matter of Board of Educ. [Kmack]*, 216 AD2d 718, 719).

Under the first level of inquiry, it is clear that General Municipal Law § 207-c (3) directs that certain action be taken by the employer, leaves no room for negotiation and, thus, removes the issue from the scope of the Taylor Law. Pursuant to the clear language of the statute, an officer is entitled to salary and benefits only if he performs the light-duty assignment. By placing the decision-making power in the hands of the governmental authority, the legislative intent expressed was clearly not to authorize an arbitrator to make the determination.

Respondent's contention that an employee will have no meaningful review of the determination of his eligibility for light duty is belied by article XI of the County's § 207-c procedures, which gives a claimant or the union a step three grievance to challenge any determination as to light duty. The decision is subject to review under article 16.3 of the collective bargaining agreement, which allows submission of the step three grievance to arbitration before the Public Employment

Review Board. In addition, under article VI of the § 207-c procedures, an employee can dispute any specific tasks assigned to him pursuant to a light-duty assignment. The statute carries a full panoply of protections for employees as well as employers (*see, Matter of Barnes v Council 82, AFSCME,* 235 AD2d 695).

The Court of Appeals has specifically held that General Municipal Law § 207-c gives the municipality authority to order officers to light duty and such authority is not "subject to mandatory bargaining" (*Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480, 483). If "statute, decisional law or public policy" preclude the governmental employee and employer from referring the dispute to arbitration, we need not address the second level of inquiry (*Matter of Blackburne [Governor's Off. of Empl. Relations],* 87 NY2d 660, 665, *supra*). Even if we were to reach the second level of inquiry, it is clear that the matter is not arbitrable by agreement of the parties in any event. A reading of the collective bargaining agreement indicates that the County did not agree to the referral of such disputes to arbitration.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.