■ STEPHANIE L. BLOOMER et al., Respondents, v JAY ALTMAN, Appellant. [695 NYS2d 398] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated August 6, 1998, which, *inter alia,* denied his motion to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiffs' prior action against the appellant was dismissed for failure to effect proper service. The plaintiffs thereafter commenced the instant action under the provisions of CPLR former 306-b (b) (L 1992, ch 216, § 7). However, when the instant action was commenced, the three-year Statute of Limitations (*see,* CPLR 214) had run. Nevertheless, we reject the appellant's contention that the instant action is barred by the Statute of Limitations. At the time the plaintiffs' first action was commenced, CPLR former 306-b (b) provided, "If an action dismissed for failure to * * * effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or a series of transactions or occurrences within one hundred and twenty days of such dismissal provided that service upon the defendant is effected within such one hundred and twenty day period". The record establishes that the plaintiffs' first action was timely commenced, that they commenced a new action based on the same occurrence within 120 days after the prior action was dismissed, and that they served the defendant within the 120-day period.

We also reject the appellant's contention that the current version of CPLR 306-b, which applies to cases commenced on or after January 1, 1998 (L 1997, ch 476 § 2), and which

eliminated the 120-day recommencement option, precludes this action. When the plaintiffs' first action was commenced, CPLR former 306-b was in effect, and thus, the plaintiffs were entitled to all of its benefits. The current version of CPLR 306-b may not be applied retroactively (*see, Matter of Ulster Hgts. Prop. v Assessor of Town of Orangetown*, 261 AD2d 478; *Connor v Deas*, 255 AD2d 287; *Floyd v Salamon Bros.*, 249 AD2d 139). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.