[701 NYS2d 451]

Isiaka Bolarinwa, Individually and as Administrator of the Estate of Remilekun Bolarinwa, Deceased, Respondent, v Albany Medical Center Hospital et al., Defendants, and Richard Weiss, Appellant.

Third Department, January 6, 2000

## APPEARANCES OF COUNSEL

*O'Connor, O'Connor, Mayberger & First, P. C.,* Albany (*Eugene N. Safoh* of counsel), for appellant.

*Edward Flink & Associates,* Latham (*Jennifer L. Dominelli* of counsel), for respondent.

**OPINION OF THE COURT**

MERCURE, J.

Plaintiff commenced this action by filing a summons with notice in the Albany County Clerk's office on July 15, 1997. Just prior to the expiration of the 120-day period for filing of proof of service imposed by CPLR former 306-b (a), plaintiff made an ex parte application for a 120-day extension pursuant to CPLR 2004 and the rationale set forth in *Norstar Bank v Wittbrodt* (154 Misc 2d 260). By order entered November 7, 1997, Supreme Court granted the application. In early March 1998, plaintiff sought a second 120-day extension, which Supreme Court granted by order entered March 6, 1998. Defendant Richard Weiss was personally served with the summons with notice on July 2, 1998. He thereafter appeared in the action and a complaint was served upon him.

In August 1998, Weiss moved to dismiss the complaint against him upon the ground that Supreme Court's March 6, 1998 order extended the period for filing proof of service beyond the aggregate 240-day period permitted by CPLR former 306-b (a) and (b). In opposition to the motion, plaintiff did not dispute Weiss' contention but instead argued that the current version of CPLR 306-b, which took effect on January 1, 1998 (*see,* L 1997, ch 476, § 2), applied to the action and provided authorization for Supreme Court's successive extensions. Supreme Court agreed with plaintiff's contention and denied the motion. Weiss appeals.

As limited by the parties' briefs, the only issue for our consideration is whether the current CPLR 306-b is to be applied to cases pending as of the statute's January 1, 1998 effective date. Applying the maxim that remedial legislation or statutes governing procedural matters should be applied retroactively (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 584; *Matter of OnBank & Trust Co.,* 90 NY2d 725, 730; *Becker v Huss Co.,* 43 NY2d 527, 540), its own conclusion that "the procedures of the CPLR 'shall apply to all further proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies' [CPLR 10003]," and a noted commentator's opinion on the subject (*see,* 60 Siegel's Prac Rev, at 2 [Aug. 1997]; 67 Siegel's Prac Rev, at 3 [Feb.

1998]; *see also,* Siegel, Outside Counsel, *Retroactivity Issues Under New Rule for Filing Actions,* NYLJ, Feb. 17, 1998, at 1, col 1), Supreme Court determined that CPLR 306-b may be applied retroactively to cases, such as this, that were pending on its effective date. We disagree.

"It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it [citations omitted]" (*Majewski v Broadalbin-Perth Cent. School Dist., supra,* at 584). In our view, the language of the Laws of 1997, ch 476 gives no indication that the statute is to be applied retroactively. To the contrary, the postponement of the statute's effective date from its enactment on August 26, 1997 to January 1, 1998 (*see, Matter of Deutsch v Catherwood,* 31 NY2d 487, 489) and the express provision that it "shall apply to all actions commenced on or after [the effective] date" (L 1997, ch 476, § 2; *see, Simonson v International Bank,* 14 NY2d 281, 290) militate strongly against retroactive application. Although it may be that from a purely technical point of view the statement of the enabling legislation that the statute applies to all actions commenced on or after January 1, 1998 "does not necessarily preclude retroactivity" (Alexander, 1998 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 306-b, 1999 Pocket Part, at 135), in the absence of any corresponding provision for the statute's application to pending actions (*compare,* CPLR 10003), we view that language as strongly supportive of a finding that retroactive application was not intended by the Legislature. In fact, because the statute would in any event apply to actions commenced after its effective date, a contrary determination would have the impermissible effect of rendering that language entirely superfluous (*see, Matter of OnBank & Trust Co., supra,* at 731).

Further, we are not persuaded by Supreme Court's reliance upon CPLR 10003. In our view, that section merely establishes the manner in which the CPLR, as it was originally enacted in 1962 (*see,* L 1962, ch 308), was to be applied in prospective and pending actions. As such, CPLR 10003 has no effect on later amendments or subsequently enacted sections of the CPLR, particularly those containing their own contrary "application" provisions, as is the case here (*see, Matter of Barton v Lavine,* 54 AD2d 350, 354; *cf., Kahrs v Kahrs,* 111 AD2d 370). Had the Legislature intended to have the application of the Laws of 1997, ch 476 determined in accordance with the provision of

CPLR 10003, it surely could have made explicit provision therefor, as it did in the Laws of 1984, ch 827 in connection with its amendment of CPLR 3212 (e) so as to prohibit "reverse" summary judgment in matrimonial actions (*see, Kahrs v Kahrs, supra*).

For the foregoing reasons, we join the First and Second Departments in the view that the current version of CPLR 306-b may not be applied retroactively (*see, Bloomer v Altman*, 264 AD2d 795; *Gold v Noori*, 261 AD2d 208, *lv dismissed* 94 NY2d 858; *Matter of Goshen Shopping Assocs. v Assessor[s] of Town of Goshen*, 260 AD2d 481; *Matter of Blue Hill Plaza Assocs. v Assessor[s] of Town of Orangetown*, 260 AD2d 476; *Connor v Deas*, 255 AD2d 287, 288; *Reid v Presbyterian Hosp.*, 254 AD2d 139, 140, *lv dismissed* 93 NY2d 904; *Floyd v Salamon Bros.*, 249 AD2d 139, *lv denied* 92 NY2d 816).

CARDONA, P. J., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant Richard Weiss, by reversing so much thereof as denied said defendant's motion; motion granted and complaint dismissed against him; and, as so modified, affirmed.