OPINION OF THE COURT
 

 Rosenblatt, J.
 

 After having paid a correction employee disability benefits for a three-year period, the Schenectady County Sheriffs Department directed him to report for light duty pursuant to General Municipal Law § 207-c (3). Resisting the directive, the employee filed a demand to arbitrate. The question before us is whether the employee can compel arbitration. For the reasons that follow, we hold that he cannot.
 

 L
 

 Schenectady County Correction Officer David Monroe had been receiving disability payments pursuant to General Municipal Law § 207-c when the County ordered him to submit to psychiatric examinations in connection with his stress-related condition. The psychiatrist who performed the evaluations concluded that Monroe could perform light duty work. On the strength of this recommendation, the County ordered Monroe to report for light duty at the Schenectady County Jail, beginning on April 20, 1998. The order described the light duty position as consisting largely of desk work.
 

 In letters to the County, Monroe protested the order, asserting that he was “unable to return to work at the Schenectady County Jail.” In support, he included letters from his psychologist and psychiatrist. Monroe’s union representative also wrote to the County stating that “there seems to be a disagreement between the employee’s doctor and the County’s doctor on the employee’s medical clearance for light duty.” In response, the County stated that it had adopted a procedural format to administer employee disability benefits under General Municipal Law § 207-c (the 207-c Procedure), that “the proper route
 
 *722
 
 for Mr. Monroe is to file a step 3 grievance pursuant to Article XI” of that procedure, and that the grievance “must be filed within ten days of [Monroe’s] receipt of the order to light duty.”
 

 Monroe did not file a step 3 grievance under Article XI. Instead, he filed a notice of arbitration asserting that an arbitrator should decide “whether or not David Monroe is fit for a light duty assignment as contended by the County’s medical consultant * * * or whether he is not fit for light duty, as contended by Mr. Monroe’s personal physician.” Monroe never reported for light duty.
 

 The County petitioned for a permanent stay of arbitration, arguing that Article XI of its 207-c Procedure governs disputes of this kind and that Monroe disregarded it. In sum, the County contended that Article XI provides for an administrative hearing and that there was no valid agreement or basis to ignore that procedure by submitting the issue directly to an arbitrator. Monroe filed a cross petition seeking to compel arbitration, claiming that the light duty order was immediately arbitrable under either Article VI
 
 *
 
 or Article XI of the County’s 207-c Procedure.
 

 Supreme Court granted the County’s petition, denied Monroe’s cross petition and stayed the arbitration. It held, in essence, that a dispute as to an employee’s ability to perform light duty is not arbitrable under the Taylor Law (Civil Service Law art 14), and that any attempt to subject it to arbitration is void as against public policy.
 

 At the Appellate Division, Monroe argued that public policy does not prohibit arbitration of this dispute and that without arbitration there is no adequate review of the County’s determination of light duty eligibility. Rejecting this contention, the Appellate Division affirmed, holding that the power to issue a light duty order pursuant to General Municipal Law § 207-c (3) lies exclusively “in the hands of the governmental authority” and that “the legislative intent expressed was clearly not to authorize an arbitrator to make the determination.” (261 AD2d 803, 805.) The Appellate Division further stated that the dispute over the issuance of the light duty order “is not arbitrable by agreement of the parties in any event.”
 
 {Id.,
 
 at 806.) We affirm, based solely on our conclusion that there was no agreement to submit the dispute in question directly to arbitra
 
 *723
 
 tion, because Monroe did not satisfy the conditions precedent under the 207-c Procedure.
 

 IL
 

 In
 
 Matter of Board of Educ. (Watertown Educ. Assn.)
 
 (93 NY2d 132), this Court addressed public sector arbitration under the Taylor Law
 
 (see also, Matter of Blackburne [Governor’s Off. of Empl. Relations],
 
 87 NY2d 660;
 
 Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],
 
 42 NY2d 509). We recognized that before a matter is arbitrable it must satisfy two tests: The claim must be lawfully fit for arbitration, i.e., no public policy, statutory or constitutional restriction places arbitration off-limits
 
 (see also, Matter of City of Watertown v State of N. Y. Pub. Empl. Relations Bd.,
 
 95 NY2d 73 [decided today]). In addition, the parties must have agreed to refer the particular matter to arbitration
 
 (see, Matter of Board of Educ. [Watertown Educ. Assn.],
 
 93 NY2d, at 137-138,
 
 supra,
 
 citing
 
 Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],
 
 42 NY2d 509,
 
 supra).
 

 We need address the latter test only. Turning to the question of whether there was an agreement to arbitrate, the parties differ in their interpretations of Articles VI and XI of the County’s 207-c Procedure. Monroe argues that he is entitled to arbitration under Article VI, which provides:
 

 “VI. LIGHT DUTY ASSIGNMENTS
 

 “A. Light duty will consist of those duties of the employee’s job class that are medically cleared for such employee.
 

 “B. In the event that an employee’s doctor and the County’s doctor disagree on the employee’s medical clearance for light duty, the following procedure shall be followed:
 

 “(1) The employee’s doctor shall reference the light duty job description and then describe in detail, in writing, those elements of the light duty job description which the employee is physically unable to perform and the specific medical reasons that prohibit the employee from performing the duty or duties.
 

 “(2) Only the duty or duties in dispute cannot be
 
 *724
 
 assigned until such dispute is resolved.
 
 Such dispute over said duties shall be submitted directly to arbitration”
 
 (emphasis added).
 

 Monroe relies heavily on subparagraph (B) (2)’s reference to arbitration. The County, on the other hand, points out that arbitration comes into play under (B) (2) only when medical disagreements arise as to specific work assignments when the employee returns to light duty.
 

 The County argues that because the essence of the dispute is Monroe’s physical ability to return to light duty, the issue is governed not by Article VI, but by Article XI, which provides:
 

 “XI PROCEDURE FOR REVIEW OF DECISIONS
 

 “A. Any determination or decision of the Personnel Administrator or Sheriff pursuant to this article may be reviewed by a Medical Officer appointed by the County Manager.
 

 “B. Procedure:
 
 Within ten (10) days of receipt of * ** * an order to light duty
 
 * * *,
 
 the claimant or the union may file a Step 3 grievance regarding such decision
 
 * * *. Such grievance shall be in writing and shall clearly specify the grounds thereof and be supported by all available medical documentation.
 

 “C. Upon receipt of the Step 3 grievance, the County Manager shall appoint a Medical Officer and shall set a Step 3 hearing date.
 

 * * *
 

 “H. The decision of the Medical Officer may be reviewed in accordance with Article 16.3 of the Collective Bargaining Agreement [emphasis added].”
 

 We agree with the County. Article XI sets forth a procedure to review “an order to light duty” by allowing a claimant to file a step 3 grievance. Upon receipt of the grievance, the County Manager is obligated to appoint a Medical Officer who will conduct a hearing. An employee who is dissatisfied with the Medical Officer’s determination may then seek review in accordance with Article 16.3 of the collective bargaining agreement, which provides for arbitration.
 

 Monroe’s interpretation fails to consider the context of Article VI as a whole and renders Article XI meaningless. Although the phrase “clearance for light duty” appears in Article VI,
 
 *725
 
 subparagraph (B), the procedures set forth in the remainder of Article VI confirm that this provision contemplates disputes over specific light duty assignments — as opposed to whether the order directing the employee to return to light duty is appropriate in the first place. Indeed, the title of Article VI, “Light Duty Assignments,” itself contemplates disputes
 
 following
 
 the employee’s return to light duty.
 

 The provisions of Article XI do not support Monroe’s claim for arbitration. Because Monroe did not follow the step 3 grievance procedure, he did not satisfy a condition precedent for any arbitration under the terms of the collective bargaining agreement.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.
 

 *
 

 The County agreed to Article VI — entitled “Light Duty Assignments”— as part of its 207-c Procedure pursuant to a Memorandum of Agreement with the Law Enforcement Officers Union Council 82.