■ MADISON REALTY CAPITAL, L.P., et al., Respondents, v SCARBOROUGH-ST. JAMES CORPORATION et al., Appellants. THOMAS L. ARMANO, JR., Nonparty Appellant. [25 NYS3d 83]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 16, 2015, which confirmed an arbitration award in favor of plaintiffs and against defendants for the total sum of $720,204.80, and bringing up for review an order, same court, entered August 5, 2014, as amended by order, entered December 1, 2014, which granted plaintiffs' motion to confirm the arbitration award and denied defendants' cross motion to vacate or modify the arbitration award, unanimously affirmed, with costs.

"A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Indeed, even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999] [citations omit-

ted]). Applying this standard, there is no basis to upset the final award.

The final award, which found that plaintiff Madison is now the landlord of the subject shopping center, and that the annual rent due—calculated as gross revenues of the shopping center minus operating expenses—must now be paid to Madison, instead of being used to "pay down" a wraparound mortgage that was intended to fund a stipulation of claims in a bankruptcy proceeding involving nonparty Richmond and the defendants, is not a totally irrational construction of the contractual provisions in dispute and does not remake the contract for the parties (*see Matter of Port Auth. of N.Y. & N.J. v Local Union No. 3, Intl. Bhd. of Elec. Workers*, 117 AD3d 424 [1st Dept 2014], *lv denied* 24 NY3d 916 [2015]).

Further, the arbitrator did not exceed his authority when he found that defendant Scarborough-St. James Corporation was required to pay annual rent to Madison, as pursuant to the express terms of the servicing agreement, Scarborough was required to execute the tenant's obligations under the lease, which included the obligation to pay annual rent to the landlord (Madison) under section 1.01.

CPLR 7511 (c) (1) only authorizes modification of computational errors and mistakes in description, not reversal of substantive rulings (*see Matter of Daly v Lehman Bros.*, 252 AD2d 357, 357 [1st Dept 1998]). Defendants challenge the arbitrator's calculation of rent on multiple bases; however, not only are their arguments substantive, they are unavailing. The calculation of rent on an annualized basis is supported by section 1.01 of the lease. The exclusion of a purported expense payment for legal fees related to the arbitration was supported by defendants' own unexplained summary of income and expenses, even though they had the opportunity to review and explain such summary after the interim award. Even if the arbitrator erred in addressing 2013 rent, such error was harmless (*see Matter of Barnes [Council 82, AFSCME]*, 246 AD2d 755, 756 [3d Dept 1998], *affd* 94 NY2d 719 [2000]), as the arbitrator's determination of the manner in which rent was to be calculated would be res judicata to any other request for arbitration arising out of the same claim (*see Waverly Mews Corp. v Waverly Stores Assoc.*, 294 AD2d 130, 132 [1st Dept 2002]).

The motion court properly found that nonparty appellant Armano, a purported partner of the former corporate landlord of the shopping center, has no standing to intervene. In any event, his arguments are precluded by the arbitrator's

determination. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.