Matter of Cenni v Cenni (2020 NY Slip Op 01031)





Matter of Cenni v Cenni


2020 NY Slip Op 01031


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


652201/18 -7641 11033 11033A &

[*1] In re Rebecca L. Cenni, Petitioner-Respondent,
v
Adrian Cenni, Respondent-Appellant.


Nadel & Ciarlo, P.C., New York (Lorraine Nadel of counsel), for appellant.
Farrell Fritz, P.C., New York (Peter A. Mahler of counsel), for respondent.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered November 15, 2018, in favor of petitioner in the total amount of $216,864.56, unanimously affirmed. Appeal from order, same court and Justice, entered October 25, 2018, which granted petitioner's petition to confirm an arbitration award and denied respondent's cross petition to vacate the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
While certain portions of the Operating Agreements governing the companies of which the parties are members or shareholders support respondent's position, others support petitioner's. Because the Operating Agreement "is reasonably susceptible of the construction given it by the arbitrator[]" (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]), it is not irrational (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]; Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341 [1985]; Madison Realty Capital, L.P. v Scarbrough-St. James Corp., 135 AD3d 652, 653 [1st Dept 2016], lv denied 27 NY3d 912 [2016]).
Respondent contends that the award is contrary to the Limited Liability Company Act. Even if, arguendo, this were true, "courts are obligated to give deference to the decision of the arbitrator ... even if the arbitrator misapplied the substantive law in the area of the contract" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]).
Furthermore, respondent argues that the arbitrator exceeded the authority set forth in the parties' agreement. However, he fails to point to a specifically enumerated limitation on the arbitrator's power (see id.; see also Matter of Silverman [Benmor Coats], 61 NY2d 299, 307 [1984]).
While respondent and/or his counsel were sloppy in answering the verified petition, their conduct was not so egregious as to warrant sanctions.
M-7641 - In re Cenni v Cenni
Motion for sanctions denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK